ALBANY,
Oct. 1828.

Bruyn
v.
Graham.

A road may be laid out by commissioners under the act to regulate highways, notwithstanding that a former road laid through the same premises, on or near the same route, has been annulled on appeal. The true construction of the statute declaring the adjudication on the appeal to be "conclusive in the premises," is, that the decision of the judges is conclusive in the case in which the appeal was made, but it does not interdict or affect a new application, or deny the right of instituting proceedings *de novo*. The legislature intended to vest a power in the commissioners to be exercised as the emergency of each particular case might require; and not that a decision on one application should be conclusive, or present any obstacle when a new and different state of things required a different decision. The prohibition as to the taking up or altering a road fixed by the decision of judges, applies only to cases where the proceedings of commissioners have been affirmed, and not where they have been reversed.

**BRUYN vs. GRAHAM.**

ERROR from the Ulster common pleas. The cause was tried in the common pleas, on an appeal from a justice's judgment. Graham sued Bruyn in trespass for entering on his land. Bruyn pleaded the general issue, and justified his entry as an overseer of highways, for the purpose of opening and working a road in pursuance of directions from the commissioners of highways of the town of Shawangunk. The entry of the defendant was shewn. The defendant proved, that on the 17th May, 1825, a road was laid out on the plaintiff's land by the commissioners of highways, on the application of twelve reputable freeholders, and that all the requirements of the statute in such cases were complied with; that the plaintiff had 60 days notice to remove his fences, after which time, the defendant, as an overseer, by order of the commissioners, entered upon the land, opened and worked the road, which is the act complained of as a trespass. The plaintiff then shewed from the records of the town, that on the 6th March, 1803, a road had been laid out by commissioners on the same farm, which, on the 18th May, 1803, was annulled by the adjudication of three judges of the county of Ulster, on an appeal from the doings of the commissioners. The road laid out in 1825 through the plaintiff's land, is on a straight line, on a course north, thirty eight degrees thirty minutes east, and communicates at each end with public highways which have been established and used many years. The road laid out in 1803, was also on a straight line through the same land, commencing at the westerly termination of the road of 1825, and running thence on a course north, forty-seven degrees east, sixteen chains and seventy-three links; thence on a course north, twenty-eight degrees east, at the distance of nineteen chains, it struck the same point, which is the easterly termination of the road of

1825. The plaintiff insisted, that the road laid out in 1825, was substantially a part of the same road which had been laid out in 1803; and the proceedings of the commissioners in relation to that road having been reversed and annulled on appeal, the decision of the judges was *conclusive*, and consequently the laying out of the road in 1825, was unauthorized and void. The common pleas ruled that the decision of the judges on the appeal was conclusive forever, that the act of the commissioners of 1825 was unauthorized and void, and charged the jury that the plaintiff was entitled to recover. The defendant excepted. The jury found a verdict for the plaintiff for $7,50, on which judgment was rendered; to reverse which, a writ of error is brought.

*Ruggles* and *Hasbrouck*, for plaintiff in error. I. The road of 1825, is on a different route than that on which the road of 1803 was laid. II. The decision of the judges in 1803, overruling the doings of the commissioners, was conclusive only on the application then submitted to them. The intent of the legislature, in declaring that the decision of the judges should be conclusive in the premises, was, that the appeal should not be carried to any other tribunal upon the original petition for the road. This principle is conceded by this court in the case of *Lawton* v. *The Commissioners of Cambridge*, (2 *Caines*, 178,) the court claiming the right only to review and correct the proceedings, when irregular or void. The decision of the judges necessarily could be conclusive only upon the application *then* before them. They were required to determine whether the road was necessary and proper, *i. e.* at that time; not whether the road might not become necessary and proper at any subsequent time, under any change of circumstances. When the judges lay out and *fix* a road, in the language of the statute, the commissioners are restrained from taking it up or altering it; but when the judges *annul* a road, no such restriction is created. Previous to 1808, the commissioners might have altered a road laid out by the judges; the act of that year deprived them of that power, but imposes no restraint upon them in cases where a road is annulled and *not* laid out. The judg-

es have not the power to alter or modify their own determination. Once made, it is conclusive of that application; and if the commissioners have not the right to proceed *de novo*, a road cannot be laid out but by legislative act. This construction of the statute will not be supported. In analogy to other presumptions, the court have the right to presume from the lapse of time since the decision in 1803, that the reasons for that decision no longer exist.

*J. Sudam*, for defendant in error. The road laid out in 1825, was substantially the same as that laid out in 1803. They have the same commencement and termination, and the variation in the course is so slight, as clearly to shew that the variation is nothing more than an attempt to evade a statutory provision. If the roads are substantially the same, the plaintiff in error is not protected by the acts of the commissioners in 1825, because the road had been annulled in 1803, and the adjudication then made on the subject, was conclusive in the premises. (2 *R. L.* 282.) That the legislature intended that the decisions of the judges, when they annulled a road, should be conclusive upon the merits of the question of *road or no road*, is manifest from the 36th and 37th sections of the act to regulate highways, which treat of the powers and duties of the judges. By the 36th section, the decision is declared to be conclusive; and though in the 37th section, provision is made for a review of the doings of the judges, when a road has been *fixed* by their decision, no such provision is made where the road is *annulled*. Such must be the construction, or the statute is a nullity. It cannot be that the legislsture intended, by declaring that the decision of the judges should be conclusive in the premises, only that such decision should be conclusive upon the petition or *application* then pending; because it would be so of course, if the judges proceeded regularly and did not exceed their jurisdiction, the exercise of their discretion not being inquirable into. But they meant, by conferring these powers upon the judges, to erect a tribunal to decide between the officers of a town and individuals whose property was sought to be taken for the convenience of the town; and they

intended that the decision thus made should put the question at rest, and be binding thereafter, so that the occupant should not be harrased with renewed applications for a road located on the same ground. If the construction contended for by the plaintiff in error be correct, there is nothing to prevent the renewed laying out of a road from time to time. The party may appeal, and as often as he obtains the decisions of judges, annulling the doings of commissioners, he may be annoyed by a new application, and thus the protection intended to be afforded by the legislature would be unavailing. The case cited from 2 *Caines*, supports the principle that the decision of the judges is conclusive; for it admits, that if public officers have a discretion to allow or disallow a road, the exercise of such discretion is final upon the question. The argument to be drawn from lapse of time, is more in favor of the defendant than the plaintiff in error. Twenty-two years have elapsed since it was attempted to force this road over the lands of the defendant; the decision of the judges has, during that time, been acquiesced in, and no appeal has been made to the legislature for relief by special act, which it is contended is the only mode in which the decision made in 1803 can be nullified.

*By the Court,* WOODWORTH, J.    This case depends on the construction to be given to the 36th and 37th sections of the act to regulate highways. The 37th section declares, that no road which has been *fixed by the decision of the judges* on appeal, shall be taken up or altered, but by the order of the same judges, or such of them as shall continue in commission, joined with such other judge or judges as will make three; and that any person who desires to have such road *discontinued or altered,* may, with the approbation of the commissioners, call upon the judges to view the same, and decide upon the application. The meaning of this section cannot well be mistaken. The language used seems evidently to apply to a case where the judges have *affirmed* the proceedings of the commissioners laying out a road, and not to a case where the proceedings of the commissioners have been *reversed.*

ALBANY,
Oct. 1828.

Bruyn
v.
Graham.

When that takes place, no road exists. The state of things remains the same as before any proceedings were had. How, then, can it be said, that by a reversal of all previous proceedings, a road is established, or, in the words of the section, fixed by the decision of the judges? The intention of the legislature was, in cases where roads had been laid out and affirmed on appeal, to guard against alterations, except in a certain specified manner, making the alteration to depend on the opinion of the same judges by way of review, on the application of an individual who had obtained the concurrence of the commissioners. It is evident this provision was introduced as a check against alterations on slight grounds.

It is here proper to notice, that the revision of the laws in 1801, does not contain the 37th section. That section was first enacted in 1808, (31 *sess. ch.* 205, *sec.* 2,) and is inserted in the revision of 1813. From this fact it may be presumed, that from 1801 to 1808, an application to alter a road already laid out, and where the same had been confirmed by three judges, might again be brought up on proper application, and that any person conceiving himself aggrieved, might appeal *to any three of the judges* of the county, and, consequently, might select a different set of judges to decide on the application. That such a course was not prohibited by law, before 1808, seems clearly to have been the opinion of the legislature, by their declaring, that no road which had been fixed on appeal, should be taken up or altered, but by the order of *the same judges*, if they continued in commission. The words, as well as the intent of this section, fairly imply, that previously an appeal might be made to other judges, on a new application to alter a road. The 37th section may also be considered as giving a construction to the words, "conclusive in the premises," contained in the 36th section, and does, I apprehend, afford the true exposition, to wit: that the decision is conclusive on the merits as to the given case, without, however, intending to deny the right of instituting proceedings *de novo* for altering or discontinuing a road, although it had been previously established on appeal. If the words, "conclusive in the premises," are construed as prohibiting every

new application, and forbidding the laying out a road, where on a former occasion the judges have refused to sanction it, then indeed, there is no error in the judgment of the court below. I consider the conclusiveness here spoken of as confined *to the case in which an appeal is made*, and not as interdicting or affecting a *new* application. Where the proceedings have been regular, and the judges decide on the merits and deny the application, it is then conclusive on that application, and is not liable to be removed *into* this court for supervision or review ; because the decision of the judges on appeal, rests in their sound discretion, and therefore the superior court will not interfere. If, however, it should appear, that in the exercise of the discretion vested in the judges who decided on appeal, there has been partiality, or if the proceedings have been conducted irregularly, for such causes a certiorari would lie, notwithstanding the decision is declared to be conclusive. (*Lawton* v. *Commissioners of Cambridge,* 2 *Caines,* 182.)

The coostruction thus given to the 36th section, seems to me in accordance with the intent of the legislature, when it is considered that almost every part of the state is gradually improving, and the relative situation of places continually changing, by the increase of population, the rise of villages, the opening of new markets, and various other causes. It is obvious, that new roads may become necessary to facilitate the exchange of commodities, and admit an easy intercourse between different parts of the community. A road adjudged not to be necessary when the first application is made, may become so within a short time thereafter ; and, if needful, why not leave to the discretion of the commissioners and judges, the right of allowing or denying subsequent applications ? It is not to be presumed the power would be abused more readily, on the second or third application than on the first ; and besides, if the application is to lay out a road through improved lands, the incipient steps cannot be taken without the concurrence of twelve freeholders on oath. If the commissioners lay out a road, or refuse to do so, where on a former occasion it had been denied, the statute has provided, that on

ALBANY,
Oct. 1828.

Bruyn
v.
Graham.

ALBANY,
Oct. 1828.

affirmance of their determination, the services of the judges shall be paid by the party appealing.   This would operate in some measure as a check against appeals, manifestly frivolous and vexatious.   There is, however, but little probability that proceedings under this statute would be resorted to, for the purpose of indulging a litigious spirit; and if they were, it seems to me the obstacles opposed to such a course are abundantly sufficient to prevent its becoming a serious evil. It cannot be presumed, that any individual could readily obtain twelve reputable freeholders, under oath, to petition for a road through improved lands, the expense of which must be borne by them in common with the other inhabitants of the town, unless there was at least probable cause for so doing.   If the commissioners and judges concurred in refusing, it would by no means prove the application to be frivolous, but that the expediency of the measure was not sufficiently apparent.   There appears, then, to be no reasonable ground for distrust, that the construction I have given would lead to abuses of the power conferred; but that the legislature intended to vest a power, to be exercised as the emergency of each particular case might require, and that a decision on one application should not be considered conclusive, or as presenting any obstacle, when a new and different state of things required a different decision.   The preceding view renders it unnecessary to consider, whether the road in question was or was not substantially the same as that laid out in 1803.   I am, therefore, of opinion, that the judgment of the court below be reversed.