### In re WAGSTAFF.

(Supreme Court, Appellate Division, Second Department. December 30, 1908.)

1. HIGHWAYS (§ 41*)—PROCEEDINGS TO ESTABLISH—FILING MAP.

Commissioners appointed under Highway Law (Laws 1890, p. 1193, c. 568) § 84, to determine on the necessity for a highway and assess the damages, need not file a map thereof with the certificate of their decision; that requirement being put on them in making and filing their order laying it out pursuant to section 81.

[Ed. Note.—For other cases, see Highways, Cent. Dig. § 114; Dec. Dig. § 41.*]

2. HIGHWAYS (§ 41*)—PROCEEDINGS TO ESTABLISH—DESCRIPTION.

Commissioners appointed to lay out a highway are not required to incorporate a description thereof in the certificate of their decision, though the application under Highway Law (Laws 1890, p. 1193, c. 568) § 82, must necessarily describe the proposed way, and the petition to the County Court for their appointment must also necessarily do the same in order that it may appear what proposed highways are before the court.

[Ed. Note.—For other cases, see Highways, Cent. Dig. § 113; Dec. Dig. § 41.*]

3. HIGHWAYS (§ 41*)—PROCEEDINGS TO ESTABLISH—DESCRIPTION.

In proceedings to establish a proposed highway, it was described as follows: "Commencing at a point in the westerly side of a highway known as H.'s Lane, the middle line of said proposed highway being about 300 feet southerly (measured along the westerly side of H.'s Lane) from the land of the Long Island Railroad Company, * * * and being 85 feet southerly from the southeast corner of land of Mrs. B.; and from said point of beginning running," etc. Held, that the words beginning with "the middle line," etc., should be disregarded as surplusage, and, so regarding them, the starting point was fixed with precision, and not "about," as was claimed.

[Ed. Note.—For other cases, see Highways, Cent. Dig. § 113; Dec. Dig. § 41.*]

4. HIGHWAYS (§ 44*)—NECESSITY OF TERMINATING IN ANOTHER HIGHWAY.

It is no objection to a proposed highway that it runs to the center of a creek and does not terminate in another highway.

[Ed. Note.—For other cases, see Highways, Cent. Dig. § 137; Dec. Dig. § 44.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

5. HIGHWAYS (§ 58*)—PROCEEDINGS TO ESTABLISH—APPEAL FROM ORDER—
   QUESTIONS REVIEWABLE.

   In view of Highway Law (Laws 1890, p. 1194, c. 568) § 89, providing
that in proceedings to establish a highway the decision of the County
Court will be final, except that a new hearing may be ordered as therein
provided, the final order of the County Court confirming the certificate
of decision of commissioners establishing a proposed highway is not re-
viewable in respect of its necessity or of the amount of damages.

   [Ed. Note.—For other cases, see Highways, Cent. Dig. § 179; Dec. Dig.
§ 58.*]

Appeal from Special Term, Suffolk County.

In the matter of the application of Alfred Wagstaff to lay out a
highway in the westerly part of the town of Islip, and to assess the
damages therefor. Appeal from an order of the County Court con-
firming the certificate of the decision of the commissioners. Order
affirmed.

In the written application to the commissioners of highways to lay out the
proposed highway it is described as follows:

"Commencing at a point in the westerly side of a highway known as Hig-
bie's Lane, the middle line of said proposed highway being about three hun-
dred feet southerly (measured along the westerly side of Higbie's Lane) from
the land of the Long Island Railroad Company, on which the track of the
Montauk Division is laid, and being eighty-five feet southerly from the
southeast corner of land of Mrs. Brimley; and from said point of beginning
running north 84 degrees and 46 minutes west two hundred and eighty-two and
eight-tenths feet; thence south 71 degrees and 47 minutes west seven hundred
and sixty-five feet; thence south 59 degrees and 1 minute west eleven hundred
and eight and four-tenths feet to the middle of the brook and to the east
end of a new street forming a continuation westerly of said proposed highway
to Cooper street in the village of Babylon."

The said application is made part of the petition to the County Court for
the appointment of commissioners to determine upon the necessity of such
highway, and to assess the damages by reason of the laying out thereof, and
the description is repeated in the certificate of the commissioners.

Argued before JENKS, HOOKER, GAYNOR, RICH, and MIL-
LER, JJ.

John B. Stanchfield, for appellant.
William G. Nicoll, for respondent.

GAYNOR, J. The objection that the description of the proposed
highway in the certificate of their decision by the commissioners ap-
pointed by the County Court under section 84 of the highway law
(Laws 1890, p. 1193, c. 568) to determine upon the necessity for the
proposed highway and assess the damages on the opening thereof is
so indefinite as not to locate the starting point, and that they filed no
map of such highway with their certificate, is unfounded. They are
not required to file a map thereof; that requirement is put upon the
commissioners of highways in making and filing their order laying
out the highway, which comes at the end (section 81). Nor are they
required to incorporate a description thereof in their certificate. The
application to the highway commissioners (section 82) to lay out a
highway must necessarily describe the proposed highway, and the pe-
tition to the County Court for the appointment of commissioners to

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

determine upon the necessity, etc., must also necessarily do the same in order that it may appear what proposed highway is before the court. In the present case the description is in the application to the highway commissioners, the petition, the notice of presentation thereof to the court, the order appointing the commissioners, and their certificate of decision.

The starting point is fixed with precision, and not "about," as is claimed. The words of the description are as follows:

"Commencing at a point in the westerly side of a highway known as Higbie's Lane, *the middle line of said proposed highway being about 300 feet southerly (measured along the westerly side of Higbie's Lane) from the land of the Long Island Railroad Company on which the track of the Montauk Division of said railroad is laid,* and being 85 feet southerly from the southeast corner of land of Mrs. Brimley; and from said point of beginning running," etc.

The words I have italicised are obviously surplusage and of no effect, and if they be disregarded it will be seen that the starting point is fixed with precision. The contention that the proposed highway is not authorized by law because it does not terminate in another highway, or is a cul de sac, is without support in law. It runs to the center of a creek which divides the town from another town. Highways often terminate in open fields. It would be quite impossible to open highways gradually if every one had to terminate in an existing highway. The point that the commissioners acted on an erroneous principle in assessing the damages is unfounded. No such thing appears in the record. The order appealed from is not reviewable in respect of the necessity of the proposed highway or of the amount of damages (section 89).

The order should be affirmed.

Final order of the County Court of Suffolk county affirmed, with costs. All concur.