(162 App. Div. 755)

### In re LAIDLAW et al.

(Supreme Court, Appellate Division, Second Department. May 29, 1914.)

1. HIGHWAYS (§ 37*)—ESTABLISHMENT—COMMISSIONERS—JURISDICTION—FILING ORDER.

    Where an order appointing commissioners in proceedings to establish a highway was made and signed at a Special Term of the County Court, it conferred jurisdiction on the commissioners, and therefore could be properly filed nunc pro tunc after the commissioners had acted.

    [Ed. Note.—For other cases, see Highways, Cent. Dig. §§ 82–89, 91, 92; Dec. Dig. § 37.*]

2. HIGHWAYS (§ 29*)—ESTABLISHMENT—UNDERTAKING.

    Where an undertaking had been presented to the court in highway proceedings, and was recited in its order appointing commissioners, the petitioners' omission immediately to file the instrument was not jurisdictional, but could be corrected by subsequent order as authorized by Code Civ. Proc. § 721, and filed nunc pro tunc.

    [Ed. Note.—For other cases, see Highways, Cent. Dig. §§ 47–59; Dec. Dig. § 29.*]

3. HIGHWAYS (§ 53*)—ESTABLISHMENT—PROCEEDINGS—APPEARANCE OF ATTORNEY.

    That the same attorney appearing for the town superintendent of highways in proceedings for the establishment of a highway acted also as attorney for the applicants was not ground for vacation of the proceedings.

    [Ed. Note.—For other cases, see Highways, Cent. Dig. §§ 155–164; Dec. Dig. § 53.*]

4. HIGHWAYS (§ 58*)—PROCEEDINGS TO ESTABLISH—REVIEW—LEADING QUESTIONS.

    That leading questions were asked witnesses in proceedings for the establishment of a highway, and exceptions taken thereto, are not matters reviewable on appeal from an order denying a motion to vacate the decision of commissioners.

    [Ed. Note.—For other cases, see Highways, Cent. Dig. §§ 177–198, 200–203; Dec. Dig. § 58.*]

5. HIGHWAYS (§ 62*)—ESTABLISHMENT—SUCCESSIVE PROCEEDINGS.

    Highway Law (Consol. Laws, c. 25) § 199, provides that if final decision in proceedings to establish a highway was adverse to the applicant, no

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

other application for laying out, altering, or discontinuing the same high-. way shall be made within two years. *Held*, that such provision related only to a prior determination by the county court that public necessity did not require such a highway, and that, where prior proceedings were terminated because the county court had not appointed commissioners within 30 days after the service of the application on the town superintendent of highways, a new proceeding could be properly instituted before the expiration of two years.

[Ed. Note.—For other cases, see Highways, Cent. Dig. §§ 166, 167; Dec. Dig. § 62.*]

Appeal from Suffolk County Court.

Application by George Q. Laidlaw and another to lay out, alter, and extend Newport avenue in the town of Islip. From an order denying a motion by opposing property owners to vacate the decision of commissioners, they appeal. Affirmed.

See, also, 153 App. Div. 343, 137 N. Y. Supp. 1076.

Argued before JENKS, P. J., and BURR, RICH, STAPLETON, and PUTNAM, JJ.

W. K. Post, of New York City, for appellants.

Alfred H. Dupree, of Sayville (George H. Furman, of Patchogue, on the brief), for respondents.

PUTNAM, J. This appeal seeks to set aside and vacate these highway proceedings, to which have been made several objections which the county court has overruled.

[1] 1. The order of July 22, 1913, appointing commissioners, was in writing, duly made and signed at a Special Term of the County Court held at Patchogue. It was not filed or entered until after the commissioners had acted. But the making of the order was sufficient to give jurisdiction, so that it could be ordered to be filed nunc pro tunc. Eighmy v. People, 79 N. Y. 546; Gerity v. Seeger & Guernsey Co., 163 N. Y. 119, 57 N. E. 290; Loper v. Wading River Realty Co., 143 App. Div. 167, 127 N. Y. Supp. 1000.

[2] 2. The same principles apply to the omission to file the undertaking under Highway Law (Consol. Laws, c. 25) § 193, which by the same order was thereafter filed nunc pro tunc. The undertaking, however, had been presented to the court, and was recited in its order of July 22, 1913. An omission immediately to file the instrument was not jurisdictional, but was corrected under section 721 of the Code of Civil Procedure, and the order of January 28, 1914, was properly made for that purpose.

[3] 3. The appearance of the attorney for the town superintendent of highways, who acted also as the attorney for these applicants, is not shown to be a sufficient ground to invalidate these proceedings.

[4] 4. Questions to the witnesses on these proceedings in a leading form, and the exceptions taken thereto, are not matters reviewable on this appeal.

[5] 5. The more serious objection is as to alleged prior application to lay out this same highway. This court had held that such prior proceeding failed, because the County Court had not appointed commis-

.sioners within 30 days after the service of the application on the town superintendent of highways. Matter of Laidlaw, 153 App. Div. 343, 137 N. Y. Supp. 1076. The present application followed within less than two years thereafter, notwithstanding the provision:

"If the final decision be adverse to the applicant, no other application for laying out, altering or discontinuing the same highway shall be made within two years." Highway Law, § 199.

This last clause of section 199, embodying a two-year limitation, comes from Laws of 1890, c. 568, § 89. It appears also in section 119 of the act of 1890, where it forbids, in the same words, a reapplication for a private road.

Before 1808, an application to open a road, if once denied, might be again renewed before different county judges. Bruyn v. Graham, 1 Wend. 370, 374. But in 1808 (Rev. Laws of 1813, c. 33, § 37), where the judges had affirmed proceedings to lay out a road, it was enacted that such decision is conclusive, and should not be taken up or altered except by the same judges if in office. This, however, did not make the refusal to lay out a road such a bar to a further application. Bruyn v. Graham, supra.

New Jersey statutes, however, forbade a second application for same road for a year after it had been refused. But this prohibition was held to apply only to a prior decision on the merits, and not to a proceeding vacated because of a failure of the surveyors to take the oath of office. State v. Potts, 4 N. J. Law, 347.

Early New York statutes favored the resisting landowner. If he stood out, the question of public need for the road went first to a jury, and afterwards, by appeal to the County Court, would be passed upon by referees. 1 Rev. Stat. (4th Ed.) c. 16, art. 4, § 103. But when the referees determined the question of necessity for such a road, repose for four years followed, during which period the decision should "remain unaltered." Laws of 1847, c. 455, § 9.

An attempt to remove the burdensome obstacles by appeals was made in 1890, when the Highway Law was redrawn. It sought to make the County Court a final tribunal. Laws of 1890, c. 568, § 89. As, however, the Legislature could not cut off inquiry into the County Court's jurisdiction, the enactment that the "decision of the County Court shall be final" was held to stop the litigation at that point "on the two questions as to the necessity of the proposed highway and the compensation to which the landowner was entitled." Per Andrews, C. J., in Matter of De Camp, 151 N. Y. 557, 563, 45 N. E. 1039, 1041. This was carried into the Consolidated Highway Law (Laws of 1908, c. 330), so as to show how far the decision of the County Court is final. Its order on a motion to vacate may be appealed from so as to review its jurisdiction, and its rulings upon exceptions taken at the hearing. Section 199. The decision of the County Court still concludes as to the two questions of the necessity for the road and the landowner's compensation.

Hence "the final decision adverse to the applicant," which stops for two years any new attempt to open the same road, is the fundamental determination of road or no road. When, after due hearing

before commissioners, the County Court finds that public necessity, as it then exists, does not require such a highway, this decision halts further agitation for two years. After that time, the needs for this road by the population as increased may again be put forward. Upon a mere defect of process which had undone and nullified all that had been attempted, there would be no sense in a two-year limitation before a new application. Modern methods of procedure require that formal defects be promptly remedied, and, if they are fatal, so as to invalidate a first application, it would be abhorrent to just principles to have to wait two years more before starting anew along the steps marked out by the statute. Otherwise courts would let misplaced technicalities hamper public progress. Accordingly, in other states, these prescribed intervals before second applications to open roads are judicially limited to prior decisions that conclude as to the facts, and are really upon the merits. 37 Cyc. 127 (D).

Hence I think the learned County Court rightly denied appellants' motion to vacate these proceedings, and I advise to affirm its order, with $10 costs and disbursements. All concur.