RUTH B. PARSONS and C. B. PARSONS, Her Husband, Appellants, v. I. W. WILCOX (and Eleven Others), Respondents.

Kansas City Court of Appeals, February 7, 1921.

1. COURTS: Jurisdiction: County Courts Have Exclusive Jurisdiction to Open and Establish New Roads. Under sections 10625, 10628, Revised Statutes 1919, the county court has exclusive original jurisdiction to open and establish new roads, and to settle, in the first instance, all questions relating to practicability, necessity, public utility and damage connected therewith, and, therefore, such questions cannot be determined primarily in a suit in equity in the circuit court to enjoin prosecution of an application for establishment of a road.

2. ROADS AND HIGHWAYS: Right of Appeal: Adequate Remedy at Law: Party in Interest Having Right of Appeal Cannot Enjoin Establishment of Road. Under section 10629, Revised Statutes 1919, any party in interest to such proceeding has the right of appeal, which affords an adequate remedy at law, thus filling the place of any right to invoke equitable relief.

3. ———: In Absence of Statute Application for New Road May be Renewed From Time to Time. In the absence of statute preventing it, applications for a new road may be renewed from time to time even though former ones have been denied.

4. ———: Subsequent Applications to Establish Highways Will Not be Enjoined Because Previous Applications Have Been Denied. There being no statute in Missouri forbidding such renewed applications, and it being the policy of the State not to hamper such proceedings by applying the doctrine of former adjudication, subsequent applications to open highways will not be enjoined because previous ones have been denied, notwithstanding it is asserted the applications were the result of malice and ill will.

4. ———: Motives Immaterial: Legal Rights Cannot be Denied Because Asserted With Ill Natured Intent. Ill will and malice are not constitutive elements in the creation of a cause of action, and where persons have a right to a certain course of action, neither equity nor law can deny that right because it is asserted with an ill-natured intent for in such case motives are irrelevant and immaterial.

Appeal from the Circuit Court of Pettis County.—*Hon. Hopkins B. Shain*, Judge.

AFFIRMED.

*G. W. Barnett* and *Wilkerson & Barnett* for appellants.

*A. L. Shortridge* and *Lamm, Bohling & Lamm* for respondents.

TRIMBLE, P. J.—This is a suit in equity to enjoin defendants from prosecuting an application in the county court for the establishment of a new road through plaintiff Ruth Parsons' farm. The trial court sustained a demurrer to the bill and plaintiff's refusing to plead further, have appealed.

The allegations of the bill are that plaintiff, Ruth Parsons, owns a farm of 140 acres, with her residence on the south forty; that there is a road running around the east, north and west sides of this forty, one-half of

the right of way of which was given by plaintiff's an-
cestors; that said road, if worked, would be as good as
others in that neighborhood; but, with a view of having
it abandoned and forcing a road through plaintiff's
farm, defendants and others have conspired to have all
work thereon cease; that 20 years ago, while plaintiff's
father owned the land, an application was made to open
said proposed road, but the county court decided it was
not of sufficient public utility; that in 1906 another ap-
plication was made, but on account of the insufficiency
of the petition, the matter was defeated; that in 1917, de-
fendants made another application but the petition was
found to be insufficient and the proceeding was dismiss-
ed; that subsequent thereto in 1917 another application
was made, but the county court found the road was not
of sufficient public utility and dismissed the proceeding
and there has been no change in the situation making
said road of any greater necessity; that, notwithstand-
ing there has been no change in the situation rendering
the proposed road of public utility, defendants, in the
early part of 1919, made a further application to the
county court to have said road established, to which a
remonstrance was filed setting up the previous finding
of the court that the road was not of sufficient public
utility and that said question had already been adju-
dicated, but the county court ignored said plea and said
former adjudication and refused to recognize that they
were bound by any former adjudication; that the county
court sustained said application, but the proceedings
were quashed in the circuit court to which they had been
properly removed; that defendants have again posted
notices of application for the establishment of the same
proposed road, notwithstanding the judgment afore-
said, "and they threaten that no matter how often de-
feated, they will continue to make applications until said
road is opened and established;" that plaintiff has ever
remonstrated and has now filed her remonstrance, "and
she now herein protests against these repeated appli-
cations because they are vexatious and prompted by

malice, hatred and ill will,'' etc; that said road, if established, will cut off about 15 acres of her said 40, leaving it so situated as to be of little value, though as it now is, it is worth $200 per acre; that the opening of said road through the farm would damage it about $3000, and it would be less expensive to work the old road that now exists around her farm, than to pay the expenses of opening the new road; that by the multiplicity of suits she has been greatly harassed and vexed, and that no work has been done on said old road for many years, it being omitted by design in order to create a necessity for going through plaintiff's land; that unless defendants be enjoined, the applications will be repeated from time to time and from year to year, and the threat to open said road will injure her land and she will suffer irreparable injury for which she is without remedy; that by reason of the repeated applications she has already suffered great damage and expense; wherefore, ''in view of the multiplicity of these suits and their repetition, and in view of fact that the public necessity for this road has been adjudicated and determined and is now *res adjudicata,* plaintiff prays that defendants be perpetually enjoined and restrained from prosecuting any application for the establishment of such road through plaintiff's farm and from further harassing or annoying plaintiff with the same,'' etc.

No charge or complaint is made against the form or sufficiency of the application made by defendants as petitioners in the county court, nor against their qualifications, nor of any defects in the steps they have taken to have the county court consider said application, but the complaint is founded upon the varied and diverse grounds set forth in the above resume of the bill. It will be observed that many of them are matters which might be taken into consideration by the county court upon a hearing as to the practicability and public utility of the proposed road. The others involve the doctrine of *res adjudicata,* the question of vexatious multiplicity of suits, and the alleged malice and ill will of defendants.

So far as concerns any matters which might be considered by the county court upon a hearing of the application, they could not be treated as grounds for an injunction to restrain an application, because to do this would be to take jurisdiction thereof away from the county court, when the statute gives such court exclusive original jurisdiction to open and establish new roads and to settle, in the first instance, all questions relating to practicability, necessity, public utility, and damages connected therewith. [Sections 10625-10628, R. S. 1919.]

Besides, section 10629, Revised Statutes 1919, gives to any party in interest to such proceeding the right of appeal which would seem to afford an adequate remedy at law, thus filling the place of any right to invoke equitable relief. [Chicago, etc., R. Co. v. Maddox, 93 Mo. 469, 471; Searcey v. Clay County, 176 Mo. 493, 515.]

But appellants say that this suit is in the nature of a bill of peace to prevent a multiplicity of suits over the same matter which has been adjudicated and which defedants are continuing, and threaten to continue, through ill will, malice, hatred and wrongful conspiracy; and hence a bill of peace is the only adequate remedy. There is no question but that in certain cases a bill of peace will properly lie to prevent the harassment of a multiplicity of suits, or to prevent repeated litigation over an issue that has been investigated and passed upon by the courts. But, in all of the cases of which whe have any knowledge, the issue or cause of action involved was a matter of *private* concern to private parties, and did not involve the rights of the *public,* nor depend upon conditions likely to change with the hour. If the public in general cannot be thus restrained from seeking its rights, it is not seen how any number of certain individuals, component parts of that public, can be restrained when acting for and on behalf of the public and as the necessary moving part thereof.

Again, although it seems to be claimed that the petition does not rest upon the doctrine of *res adjudicata,* yet manifestly that is at least one of the grounds, and

the principal one, upon which the right to a bill of peace is based; not perhaps on the doctrine of strict *res adjudicata*, because bills of peace, in proper cases, are granted where the doctrine of *res adjudicata,* is not allowed to operate. But clearly one of the reasons why the right to enjoin applications for the road in question is demanded is that the question of whether the road should be established has been passed upon by the county court and decided in the negative.

So far as the various applications are concerned, only two of them resulted in a decision by the county court adverse to the establishment of the road, the one made twenty years ago, and the second one made in 1917, while evidently the county court sustained the first application in 1919 and were about to sustain the second one in that year, being the one now temporarily enjoined by this action. But, however this may be, we are clearly of the opinion that the doctrine of former adjudication can present no obstacle to the consideration of other applications for the establishment of a new road where such former adjudication has denied or refused to establish the road. In the absence of a statute preventing it, applications for a new road may be renewed from time to time even though former ones have been denied. [1 Elliott on Roads (3 Ed.), sec. 411; Bruyn v. Graham, 1 Wend. 370, 375; Pagels v. Oaks, 64 Iowa, 198, 201-2; Smith v. Commissioners, 150 Ill. 385, 392-3; Cole v. County Comrs., 78 Me. 532; Strong v. McKeever, 102 Ind. 578, 595.] There is no statute in Missouri forbidding such renewed applications, and it is not the policy of the State to hamper such proceedings by applying any such doctrine of former adjudication. As was said in Bruyn v. Graham, supra: "It is obvious that new roads may become necessary to facilitate the exchange of commodities, and admit an easy intercourse between different parts of the community. A road adjudged not to be necessary when the first application is made, may become so within a short time thereafter." And, as was said in oral argument, public needs change

with the advancing times; even now we have just voted a sixty million dollar bond issue to aid in road building and are entering upon a new era where better, straighter, more convenient and more desirable routes and roads are imperatively demanded.

To grant an injunction in this case would not only put a brake on the wheels of progress in this direction, but enable a court of equity to take the question of the public necessity and advisability of establishing a road out of the hands of the county court where the law has placed it.

So far as the charges of ill will, malice and so forth are concerned, they can add no constitutive element to create a cause of action. If persons have a right to a certain course of action, neither equity nor law can deny that right because it is asserted with an ill-natured intent. In such case, motives are irrelevant and immaterial. [Brown v. City of Cape Girardeau, 90 Mo. 377, 383; Darrow v. Biggs, 261 Mo. 244, 274.]

The judgment is affirmed. All concur.