Albert Orenstein, J.
Northern New York Arterial Markets, Inc., has an interest in the real property sought to be acquired by the petitioner in condemnation for the purpose of constructing a town highway.
*990 This court on September 28, 1966 made an order appointing commissioners pursuant to the provisions of the Highway Law to determine upon the necessity of the proposed highway and to assess damages by reason of the acquisition of land for the laying out and opening of said highway.
The proceeding was commenced upon the petition of the Town Superintendent of Highways of the Town of Cicero. The commissioners appointed were duly qualified and entered upon their duties. Hearings were held and prior to the completion of the testimony, Northern New York Arterial Markets, Inc., moved for summary judgment to dismiss the entire proceeding upon the ground that the proceedings were jurisdictionally defective.
The movant claims that although the petition states ‘ ‘ that all preliminary steps required by law have been taken to entitle the petitioner to institute this proceeding ”, it is jurisdictionally defective because it fails to establish compliance with section 170 of the Highway Law. The applicable portion thereof is as follows : ‘ ‘ Whenever the town superintendent shall lay out any highway, either upon application to him or otherwise, he shall notify the county superintendent whose duty it shall be to either make a survey, or cause the same to be made, and the town superintendent shall incorporate the survey in an order to be signed by him, and to be filed and recorded in the office of the town clerk who shall note the time of recording the same.” The movant also attacks the jurisdiction of this court by reason of the fact that the Town Superintendent failed to obtain from the County of Onondaga and the State approval for the proposed highway having access to or intersecting a county road and a State highway.
This court holds that compliance with section 170 of the Highway Law prior to the determination by the condemnation commissioners or prior to the confirmation of such determination by the court is not a jurisdictional requirement to the commencement of a condemnation proceeding.
Section 172 of the Highway Law provides that “ Any person or corporation assessable for highway taxes may make written application to the town superintendent of the town in which he or it shall reside, or is assessable, to alter or discontinue a. highway or to lay out a new highway. ’ ’
Section 173 provides that “ Whenever the town superintendent of highways of any township shall determine that public necessity requires the laying out of a new or additional highway, and the land therefor cannot be obtained by the dedication of the *991 owners thereof * * * he may apply to the town board of his town for permission to institute a proceeding to acquire so much land as may be necessary to lay out such new or additional highway, and when such consent shall have been given by the town board of such town, the said town superintendent of highways may apply to the county court of the county in which such proposed highway is situated, for the appointment of condemnation commissioners * * * that at least five days’ notice of the time and place of the application shall be given to the owners of the lands sought to be acquired, providing such owners can be ascertained by such town superintendent
Compliance with section 170 of the Highway Law which pertains to the making of a survey by the County Superintendent of Highways and the incorporation of such survey in an order made by the Town Superintendent of Highways and filed in the Town Clerk’s office is not a jurisdictional requirement, to be complied with either before or during the above-entitled proceedings. The requirements of section 170 are to be followed after the condemnation commissioners have determined that the proposed laying out of the highway is a necessity.
The other points of alleged jurisdictional defects regarding permits from the county and from the State are likewise without merit. They are apparently relying on sections 52 and 136 of the Highway Law, but these are in no way a part of the proceedings under article 8 of the Highway Law and specifically sections 173-175 on the question of necessity. Only after the Commissioners have found in favor of the petitioner on the question of necessity of the proposed highway are the permits needed.
Reading sections 172 and 173 together satisfies this court that a finding of public necessity by a condemnation commissioner must precede the laying out of a highway and consequently precede the filing of a survey and order in conformity with the provisions of section 170 of the Highway Law.
The objection that the commissioners appointed by the County Court filed no such map with their certificate of necessity was rejected by the court in Matter of Wagstaff (129 App. Div. 591, 592) where the court said “ They are not required to file a map thereof; that requirement is put upon the commissioners of highways in making and filing their order laying out the highway, which comes at the end ”.
The time for such survey to be made, i. e., at the time a highway is laid out, is also shown by the judicial definition of what “ laying out ” is. In Bradley v. Crane (201 N, Y. 14, 20-21) the *992 Court of Appeals stated: “ The expressions 1 laid out ’ and ‘ have viewed and laid out ’ must be given, in the absence of a reason to the contrary, their usual and ordinary meaning, that land constituting the highway has been, by the action expressed by those terms, given the status and subjected to the servitude of a public highway.”
■Section 180 of the Highway Law is clear authority for the legislative intent that a highway is not “laid out ” until the fee or easement for highway purposes has been acquired. It said, in part, as applicable herein, as follows: “Limitations upon laying out highways. No highways shall be laid out * * * without the consent of the owner or owners thereof, unless so ordered by the county court of the county in which the proposed highway is situated; such order shall be made on the certificate of the town superintendent of the town or towns in which the proposed highway is situated, showing that the public interest will be greatly promoted by the laying out and opening of such highway, and that condemnation commissioners appointed by the court have certified that it is necessary * * *. Upon confirmation by the county court, the town superintendent shall then lay out and open such highway as in other cases. ’ ’
Furthermore, section 175 of the Highway Law indicates that until the decision of the condemnation commissioners has been made that the highway is one which is “ proposed to be laid out ” (emphasis supplied).
The motion for summary judgment is denied and the temporary restraining order vacated.