■ In the Matter of TERRY L. TOWNER, Appellant, v JAMES SCHOENTHAL et al., Respondents.—Order unanimously affirmed, with costs. Memorandum: Petitioner appeals from the County Court order confirming the jury decision that there was "no necessity" for the private road which petitioner sought to lay out across land owned by respondents James and Judy Schoenthal (Highway Law § 300 et seq.). The County Court is authorized by statute to confirm, vacate or modify the jury decision and "the decision of the county court shall be final" (Highway Law § 312). We conclude that an appeal does not lie on the facts or the law on the issues of necessity and damages but only on whether statutory procedures were substantially complied with and whether there was jurisdiction in County Court (see, Matter of De Camp, 151 NY 557; see also, Matter of Fam v Shapiro, 15 NY2d 174; Matter of Laidlaw, 162 App Div 755, affd 213 NY 653; Matter of Wagstaff, 129 App Div 591, 593; Matter of Fenn, 128 App Div 10). The Town Justice's continued involvement in the proceedings after the jury was sworn, and in contravention of Highway Law § 306,

which provides that the "duties of the justice * * * in connection with such proceeding shall end after the jury is sworn", did not interfere with the functioning of the jury and amounted to only a technical departure from the statutory procedures which were substantially complied with *(see, Satterly v Winne,* 101 NY 218, 223). His conduct did not prejudice or interfere with the authority vested in the jury by statute to determine the necessity of a private road. Moreover, we need not determine the constitutional issues raised by respondents, since they are not aggrieved parties and the resolution of these constitutional issues is unnecessary in order to entitle them to prevail on this appeal (CPLR 5501 [a]). (Appeal from order of Steuben County Court, Finnerty, J.—Highway Law § 300). Present—Dillon, P. J., Doerr, Denman, Green and Schnepp, JJ.