In the Matter of the Application of DANIEL DE CAMP to Lay out a Highway, etc.

EDWIN B. WEEKS et al., Appellants, v. DANIEL DE CAMP, Respondent.

1. EMINENT DOMAIN — COMPENSATION — REVIEW. When compensation for private property taken for public use is ascertained in the constitutional method, what review shall be permitted of the action or determination of the jury or commissioners, within their jurisdiction, rests in the discretion of the legislature.

2. LAYING OUT HIGHWAY — CONDITIONAL FINALITY OF DECISION OF COUNTY COURT. The effect of the provision of the Highway Law of 1890 (Ch. 568, § 89), that in a proceeding *in invitum* for the laying out of a highway, the decision of the County Court, upon an application to confirm, vacate or modify the decision of the commissioners, "shall be final," is to make such a decision of the County Court conclusive upon the questions of the necessity of the proposed highway and the compensation of the landowner, subject, necessarily, to the limitation that the court had jurisdiction to make it; and, hence, such a decision is appealable only as to questions of the power and jurisdiction of the County Court.

3. APPEAL — QUESTIONS OF POWER OF COUNTY COURT. On appeal by a landowner from an order of the County Court modifying and confirming, as modified, an order of commissioners directing the laying out of a highway, there can be raised and considered such questions as whether the order of the commissioners contained a sufficient description of the

proposed highway, and whether it was competent for the County Court, after having reached the conclusion that the damages awarded by the commissioners to the landowner were inadequate, to determine the amount by which they should be increased, or whether the landowner was not then entitled to have the case sent back for a reassessment of damages by commissioners appointed as provided by the Constitution.

*Matter of De Camp*, 77 Hun, 478, reversed.

(Submitted December 24, 1896; decided February 2, 1897.)

APPEAL from an order of the General Term of the Supreme Court in the fourth judicial department, entered June 21, 1894, which dismissed an appeal from an order of the Tompkins County Court confirming the decision of commissioners in proceedings to lay out a highway.

In May, 1893, an application in writing was made by Daniel De Camp to the commissioner of highways of the town of Lansing, in the county of Tompkins, "to lay out a highway in said town, commencing about twenty-five rods east of Henry Houser's residence, at or near the foot of the hill, which proposed highway will pass through the lands owned and occupied by John H. Miller, Jane Miller, Dennis Kelly, William Patterson, Stephen Malone, Perry Ross and Edwin Weeks, who do not consent to the laying out of the highway. This proposed highway runs in a northeasterly direction on the east bank of the creek or swamp, so called, to and connecting with a road leading to Locke, running in the same direction." De Camp on the 9th day of June, 1893, presented to the County Court of Tompkins county a verified petition under section 83 of the Highway Law of 1890, for the appointment of three commissioners to determine the necessity of the proposed highway and to assess the damages of the landowners. Upon the presentation of the petition the County Court made an order appointing three commissioners pursuant to section 84, to certify as to the necessity of laying out and opening a highway in said town, beginning or " commencing about twenty-five rods east of Henry Houser's residence near the foot of the hill, which proposed highway will pass through the lands

owned and occupied by John H. Miller (and other persons named in the petition), and assess the damages by reason of laying out such highway." The commissioners qualified, and notice of the time and place of meeting of the commissioners to examine the proposed highway was duly posted and served as provided by section 85. The notice embraced a description of the proposed highway somewhat more specific than the description contained in the petition of De Camp. At the time and place appointed for the hearing the commissioners met, and having heard the parties interested, and taken evidence upon the questions of the necessity of the proposed highway and the damages to the landowners, made their decision in writing as follows:

" TOMPKINS COUNTY,   }
     *Town of Lansing.* }

" The undersigned, by an order of the County Court of Tompkins county, dated the tenth day of June, 1893, on the application of Daniel De Camp, having been appointed commissioners to certify as to the necessity of laying out and opening a highway in the town of Lansing, in said county, commencing about twenty-five rods east of Henry Houser's residence, at or near the foot of the hill, which proposed highway will pass through the lands owned and occupied by John H. Miller, Jane Miller, Dennis Kelly, William Patterson, Stephen Malone, Perry Ross and Edwin Weeks, who do not consent to the laying out of the highway, and to assess the damages to be caused thereby.

" Now, therefore, we, the said commissioners, having given due notice of the time and place at which we would meet, and all having met pursuant to said notice, at the hotel at North Lansing, in said town of Lansing, on the .........
day of .........., 1893, and having taken the constitutional oath of office, and the proof of the services and posting of the notice by the applicant, pursuant to section 85 of the Highway Law, having viewed the proposed highway and the land through which it is proposed to be laid out and opened,

and having heard all the allegations of the commissioner of highways, and all the parties interested therein, and the evidence of all the witnesses produced, do thereupon certify that in our opinion it is necessary and proper that the highway be laid out and opened pursuant to the said application of Daniel De Camp, dated the twenty-fifth day of May, 1893, and we have assessed the damages required to be assessed by reason of laying out and opening such highway, as follows:

| | |
|---|---:|
| " John H. Miller and Jane Miller | $50 00 |
| " Dennis Kelly | 125 00 |
| " William Patterson | 120 00 |
| " Perry Ross | 5 00 |
| " Edwin Weeks | 70 00 |
| " Stephen Malone | 10 00 |

" NELSON STEVENS,
" A. O. HART,
" F. A. TOOD,
" *Commissioners.*

" Dated this eleventh day of *July*, 1893."

After the decision was rendered, certain property owners, whose lands were crossed by the proposed highway, made a motion to the County Court upon the papers and proceedings and upon affidavits and notice to set aside and vacate the proceedings and the decision of the commissioners under section 89 of the Highway Law upon the grounds, among others, that the description of the proposed road in the petition and in the order of the commissioners was too uncertain and indefinite; that the property of the contestants had been taken without proper regard to their rights under the Constitution and laws; that the damages awarded were insufficient, and that the County Court never obtained jurisdiction of the proceedings, and that the decision of the. commissioners was void. On the hearing of the motion affidavits were presented to the County Court on both sides, and the motion resulted in an order of the court

increasing the award of damages made by the commissioners to John H. Miller and Elizabeth (Jane) Miller from $50 to $100, and in all other respects confirming the decision of the commissioners. From the order so made, John H. Miller, Elizabeth J. Miller and Edwin B. Weeks appealed to the General Term of the fourth department, where the appeal was dismissed without examining the merits, on the ground that the decision of the County Court from which the appeal was taken was final under the provisions of section 89 of the act.

· *W. W. Hare* for appellants. The order is appealable. (Code Civ. Pro. §§ 1342, 1357, 1358; *In re Ryers*, 72 N. Y. 1; *In re Swan*, 97 N. Y. 492.) The proceedings were indefinite and the allegations in the petition were conclusions instead of facts from which conclusions could be drawn. (L. 1890, ch. 568, § 84; *People ex rel.* v. *Connor*, 46 Barb. 336; *A. N. R. R. Co.* v. *Lansing*, 16 Barb. 68; *In re Eldridge*, 82 N. Y. 161; *Rockwell* v. *Nearing*, 35 N. Y. 302.)

*H. Greenfield* and *J. E. Cropsey* for respondent. The order of the County Court was final, and the order of the General Term should be affirmed upon the opinion there given. (85 N. Y. 489; 143 N. Y. 253.) The petition of De Camp contained a sufficient description of the proposed road and every statement required by law. (*People ex rel.* v. *Carman*, 53 N. Y. S. R. 155; 24 N. Y. S. R. 458; L. 1890, ch. 568, § 83; Code Civ. Pro. § 2120; 88 Hun, 136; *People ex rel.* v. *Dewey*, 1 Hun, 529; *People* v. *Wheeler*, 21 N. Y. 82.) The order of the General Term is not appealable to this court under subdivision 1 of section 190 of the Code of Civil Procedure. (*In re Ryers*, 72 N. Y. 4; L. 1890, ch. 568, § 89.)

Andrews, Ch. J. Section 89 of the Highway Act (Laws of 1890, chap. 568), upon which the General Term relied in dismissing the appeal is as follows: "Within thirty days after the decision of the commissioners shall have been filed in the town clerk's office, any party interested in the proceed-

71

ing may apply to the court appointing the commissioners for an order confirming, vacating or modifying their decision, and such court may confirm, vacate or modify such decision. If the decision be vacated, the court may order another hearing of the matter before the same or other commissioners. If no such motion shall be made, the decision of the commissioners shall be deemed final. Such motion shall be brought on upon the service of papers upon the adverse parties in the proceeding, according to the usual practice of the court in actions and special proceedings pending therein; and the decision of the County Court shall be final, excepting that a new hearing may be ordered as herein provided." The declaration in this section, that the decision of the County Court shall be final, must be given its natural and reasonable meaning. It is competent for the legislature to restrict the right of appeal in actions or special proceedings where its power over the subject is not restrained by the Constitution. The Constitution fixes the manner in which compensation shall be ascertained for private property taken for public use. (Art. 1, sec. 7.) But when ascertained in the constitutional method, what review shall be permitted of the action or determination of the jury or commissioners, within their jurisdiction, rests in the discretion of the legislature. The courts affirmed this principle in the construction of section 18 of the General Railroad Act of 1850, and gave to the language of the section its natural interpretation. It was held that the declaration that the decision of the commissioners on a second hearing should be "final and conclusive," precluded any further appeal.

Section 89 of the Highway Act of 1890 was intended, we think, to apply the same principle to proceedings *in invitum* for the laying out of a highway. The act gives to the landowner two opportunities to be heard as to the necessity of the highway and the damages he will sustain by its construction, *first*, before the commissioners, and *second* (if the decision is adverse), before the County Court, on an application to vacate or modify the proceeding. The application to the County

Court, moreover, is in the nature of a rehearing on which new proofs may be presented bearing upon the questions in controversy. It is not unreasonable to suppose that the legislature in enacting that the " decision of the County Court shall be final," intended to stop the litigation at that point on the two questions as to the necessity of the proposed highway and the compensation to which the landowner was entitled. No other construction is consistent with the language, and we, therefore, concur in the general view taken by the General Term of the construction of section 89. But the declaration that the decision of the County Court shall be " final " is necessarily subject to the limitation that the County Court had jurisdiction to make the order which it made. So, also, if the decision confirmed the order of commissioners laying out a highway, but the order of the commissioners was so defective in the description or location of the highway that the highway could not legally be located or ascertained, then we apprehend the order of the County Court could not, in the nature of things, be final. The order of the County Court is " final " within its proper scope and purpose. It determines, finally, the question of the necessity of the proposed highway. It concludes the landowner as to the amount of damages when the order confirms the award of the commissioners. It is final as to both these questions, and errors of law or fact in the course of the proceedings, unless jurisdictional, do not affect the conclusiveness of the decision of the County Court. But it would be an anomaly to say that such an order would be final or conclusive in respect of questions of power and jurisdiction. They will continue to be open, notwithstanding the decision of the County Court. And where such difficulties exist, fundamental in their character, the principle of finality declared in the statute does not, we think, apply. To permit an appeal upon such questions does not contravene the purpose of the statute, and its denial would be inconvenient in practice. (See *McMahon* v. *Rauhr*, 47 N. Y. 72.)

We think there are two questions presented by the record before us which the General Term should have passed upon.

The *first* is, was there any sufficient description, by reference or otherwise, in the order of the commissioners, of the highway proposed to be laid out. The *second* question is, was it competent for the County Court, after having reached the conclusion that the damages awarded by the commissioners to the appellants Miller were inadequate, to determine the amount by which they should be increased, or were the landowners entitled to have the case sent back for a reassessment of damages by commissioners appointed as provided by the Constitution. (See *In re Vil. of Middletown,* 82 N. Y. 202.) We do not decide these questions, nor either of them. They must be first decided by the General Term (now Appellate Division) before our jurisdiction to pass upon them attaches. The dismissal of the appeal below shows that the questions were not passed upon in that court.

The order should be reversed and the case remitted to the Third Appellate Division for further consideration.

All concur, except MARTIN, J., not sitting, and VANN, J., not voting.

Order reversed.