---

In re DE CAMP.

(19 App. Div. 564.)

WEEKS et al. v. DE CAMP.

(Supreme Court, Appellate Division, Third Department. June 6, 1897.)

1. HIGHWAYS—LAYING OUT—DESCRIPTION IN ORDER.
　　There is not a sufficient description of a highway in an order of commissioners in an adverse proceeding for the laying out thereof, it being, "A highway * * * commencing about 25 rods east of H.'s residence, at or near the foot of the hill, which proposed highway will pass through the lands owned and occupied by M.," etc.; Laws 1890, c. 568, § 81, providing that the commissioners shall cause a survey thereof to be made, and incorporate it in the order.

2. SAME—FILING SURVEY.
　　The filing in the proceeding of a survey of highway does not avail, the description in the order not being referred to therein.

Appeal from Tompkins county court.

Application by Daniel De Camp to lay out a highway. An order of the supreme court (29 N. Y. Supp. 99) dismissing an appeal by Ed-

win R. Weeks and others from an order of the county court was re-
versed by the court of appeals (45 N. E. 1039), and the case remanded
to the appellate division.   Order of county court reversed.

Argued before PARKER, P. J., and LANDON, HERRICK, MER-
WIN, and PUTNAM, JJ.

William W. Hare, for appellants.
Hull Greenfield, for respondent.

PUTNAM, J.   A sufficient statement of the facts in this case is
contained in a report thereof in the court of appeals.   151 N. Y.
557, 45 N. E. 1039.   It was remitted to us to pass on two questions:
The first is, was there any sufficient description, by reference or oth-
erwise, in the order of the commissioners, of the highway proposed
to be laid out?   The second question is, was it competent for the
county court, after having reached the conclusion that the damages
awarded by the commissioners to the appellants Miller were inade-
quate, to determine the amount by which they should be increased,
or were the landowners entitled to have the case sent back for a
reassessment of damages by commissioners appointed as provided by
the constitution?

In our consideration of the questions thus submitted to us, it is
proper to bear in mind the well-settled principle that a statute au-
thorizing the taking of private property without the owner's con-
sent must be strictly construed.   In re Water Com'rs of Amsterdam,
96 N. Y. 351.   In the case cited, although the proceeding therein
was under a different statute from the one we are called upon to
consider, it was said:

"It has been uniformly held that, in proceedings of this character, extreme
accuracy is essential for the protection of the rights of all parties.   There must
be no uncertainty in the description of the property to be taken, nor in the
degree of interest to be acquired."

The description of the proposed highway in this case contained in
the order of the commissioners was as follows:

"A highway in the town of Lansing, in said county, commencing about twenty-
five rods east of Henry Houser's residence, at or near the foot of the hill,
which proposed highway will pass through the lands owned and occupied by
John H. Miller, Jane Miller, Dennis Kelly, William Patterson, Stephen Malone,
Perry Ross, and Edwin Weeks, who do not consent to the laying out of the
highway, and to assess the damages to be caused thereby."

It will be seen that the description of the proposed highway in the
order of the commissioners substantially follows that contained in
the application of the respondent, and in the notices served in the
proceeding.   In proceedings for laying out a highway, it is apparent
that the application should be accompanied by a survey, or some
proper description, showing distinctly the line of the proposed road,
so that persons through whose lands it is to be laid out, and others
interested, can determine its route.   And in the order of the com-
missioners, as said in Re Water Com'rs of Amsterdam, supra, "there
should be no uncertainty in the description of the property to be
taken."  ·The description should be such that from it alone, without
resort to other papers, the road could be laid out.   From an examina-

tion of the above description of the proposed highway, it is apparent that it is fatally defective. It commenced "about twenty-five rods east of Henry Houser's residence." About 25 rods might mean 24, $24\frac{1}{2}$, $25\frac{1}{2}$, or 26 rods. It is impossible to determine. "At or near the foot of the hill." How near is not stated. "Which will pass through land owned and occupied by John H. Miller," etc. Where or on what line is not stated. The description is clearly uncertain and indefinite. From it, it would be clearly impossible to locate the proposed road. It is more indefinite than that considered in People v. Diver, 19 Hun, 263. Although that case was decided before the enactment of chapter 568, Laws 1890, we think the doctrine therein stated is applicable to the case under consideration.

Section 81, c. 568, Laws 1890, provides as follows:

"Survey. Whenever the commissioners of highways shall lay out any highway, either upon application to them or otherwise, they shall cause a survey thereof to be made, and shall incorporate the survey in an order to be signed by them, and to be filed and recorded in the office of the town clerk, who shall note the time of recording the same."

While it might not have been necessary for the commissioners in this case to literally follow the direction of section 81, supra, it is apparent that their order should have contained a survey as therein prescribed, or a description of the proposed road sufficient to locate it. We observe that in the affidavit of C. E. Wood, town clerk, he states that among the papers on file in the town clerk's office in this proceeding was a "map of the proposed road, consisting of a survey of the same." The map or survey is not contained in the case. As the survey, whatever it was, was not incorporated in the order laying out the road, or in any order made by the commissioners, and is not referred to in such order, it does not avail the respondent on this appeal.

On account of the insufficiency of the description of the proposed road in the order of the commissioners, and without considering the other question involved in the case, we conclude that the order of the county court should be reversed, with $10 costs and disbursements, and the report of the commissioner set aside, with $10 costs. All concur.