(23 Misc. Rep. 398.)

### In re MERVILLE.

### TOWN OF WARREN v. TOWN OF GERMAN FLATS.

(Herkimer County Court. April, 1898.)

PAUPERS—SUPPORT—NOTICE—CONSTRUCTION OF STATUTES.

Laws 1896, c. 225, § 42, providing that, where a poor person having a settlement in another town of the same county applies for relief, the overseers shall, within 10 days after the application, notify the town to which he belongs, requiring them to provide for his support, is mandatory, and a notice given after the expiration of 10 days is ineffectual.

Appeal from county superintendent of the poor.

Contest between the town of German Flats and the town of Warren, in Herkimer county, over the settlement of one Merville, a poor person. From the decision of the county superintendent of the poor adjudging the town of Warren not liable, the town of German Flats appeals. Appeal dismissed.

J. B. & J. E. Rafter, for appellant.
Steele & Prescott, for respondent.

DEVENDORF, J. The town of German Flats originally commenced these proceedings by serving a written notice upon the overseer of the poor of the town of Warren, requiring him to provide for the support and relief of a poor person who was then in the town of German Flats, and applying for aid and relief therein, as such. Thereupon the overseer of the poor of the town of Warren, within the time provided by law, served upon the overseer of the town of German Flats the counter notice of contest of alleged settlement, as provided by section 43 of chapter 225 of the Laws of 1896, known as the "Poor Law"; and thereafter a hearing was had before the super-

intendent of the poor of the county, and a decision rendered therein by him, determining that the legal settlement of such poor person was not in the town of Warren. The appeal herein was taken from that decision.

It appears from the evidence before the court that the poor person formerly resided in the town of Warren, and removed to German Flats in March, 1896; and application in his behalf was made for aid to the overseer of the poor therein not later than March 22, 1897, and aid was actually furnished pursuant to such application March 25th; and on Sunday, April 4th, following, the overseer of the town of German Flats served a notice upon the overseer of the town of Warren, requiring him to provide for the support and relief of such poor person.

The respondent, at the outset, raises the question before this court that the notice served by the overseer of the poor of the town of German Flats was not served within the time prescribed by the statute, and therefore this proceeding cannot be maintained to fix a liability for such aid and relief upon the town of Warren. Consequently, the only question at this time presented is as to the effect of the failure on the part of the overseer of the poor of the town of German Flats to give the notice within the time prescribed by section 42, subd. 4, of the poor law. In the county of Herkimer the respective towns are liable to support their poor, and in that case the statute provides that, where a poor person has gained a settlement in a town other than that in which he may be when he applies for relief, he shall be supported, nevertheless, by the town where he may be, and the overseer of the poor shall within 10 days after the application for relief give notice in writing to the overseer of the town to which such poor person shall belong, requiring him to provide for the support and relief accordingly, who shall then, within 10 days thereafter, if contest is desired, give a counter notice of contest, as prescribed by section 43 of said act. This court therefore is not called upon to say at this time whether the poor person has or has not gained a settlement in either of said towns; but the question now to be determined is whether these proceedings can be maintained, based upon a notice pursuant to section 42 of the poor law, served more than 10 days after the application for aid and relief was made. The proceeding is entirely statutory in its character, and, if the town of Warren is to be made liable for the support and aid given to a person then being and residing in another town, it must be by virtue and force of the statute; and, the statute having prescribed the practice whereby that end is reached and the questions at issue between the respective towns determined, I think, in order to bring about that result, both parties must, in their practice. follow the line designated by that statute. If the town of German Flats granted aid to a poor person within its borders who it claims had a legal settlement in another municipality, it must within 10 days after the application for relief serve the notice prescribed by subdivision 4 of section 42 of the poor law. I think the statute in that respect is mandatory, and not merely directory; at least it appears such construction fully protects the rights of both municipalities.

The appellant cites People v. Allen, 6 Wend. 486, Looney v. Hughes, 26 N. Y. 514, and many cases in line with them, which hold, in effect, that, where a statute specifies a time within which a public officer is to perform an official act regarding the rights and duties of others, it will be considered as directory merely, unless the nature of the act to be performed or the language used by the legislature show that the designation of the time was intended as a limitation of the power of the officer, and that the public interests are not to suffer by the laches of a public official. It appears those cases are clearly distinguishable from, and the principle there settled does not apply in appellant's favor to, this case. Here the public at large is not interested, but municipalities are, and, as such, are arrayed against each other; and the question to be determined is as to their relative rights. It can be as well said that the public is interested upon either side. If an official of a municipality has an act to perform whereon a right is to be claimed under a provision of the statute to a recovery against another municipality, such act must be performed within the time and as prescribed by the statute; and I do not think that the statute in such a case can be deemed merely directory, and not mandatory, under the well-known principle established by the cases above referred to. While section 42 does not prescribe, as does section 43, the penalty or consequence of a failure on the part of the overseer to serve the notice within the 10 days, yet, I believe, to entitle him to maintain proceedings to fix the liability upon another town, his notice must be served within such 10 days. It may be that at any time subsequently, and before a settlement is gained, when relief is asked for, he could give notice within the 10 days of such application, and maintain a proceeding to establish the liability of another town, where it is alleged the poor person had gained a settlement, but possibly would lose the right to recover for the relief theretofore granted, and for which no notice had been served within 10 days of such application therefor. It appears to have been the intent of the legislature to give the town to which the poor person is alleged to belong early notice of the application for aid, and the statute also simplifies the contests arising in such matters, and prescribes a certain practice to be followed in order that all disputes arising over the settlement of poor persons may be determined, and the liability therefor placed. The conclusion is therefore reached that it is incumbent upon the parties to these proceedings, in order to maintain them, to serve the respective notices prescribed by the statute within the time provided for thereby. A failure to do so must necessarily result in the defeat of the party so failing. Whether the poor person is or is not settled in either of said towns cannot be, and is not, determined by this proceeding; but, for the reasons stated, the appeal herein and the proceedings upon which it is founded are dismissed, with costs in favor of respondent.

Appeal dismissed, with costs in favor of respondent.