(85 App. Div. 277.)

### In re MITCHELL.

(Supreme Court, Appellate Division, Third Department. June 30, 1903.)

1. HIGHWAYS—ESTABLISHMENT—NECESSITY—DECISION OF COUNTY COURT.

Under the highway law (Laws 1890, p. 1177, c. 568, § 89, as amended by Laws 1899, p. 1533, c. 703), providing that the decision of the county court on a motion to vacate a decision of commissioners establishing a highway shall be final, and not reviewable, excepting on question affecting jurisdiction, and rulings and exceptions made and taken on the hearing before the commissioners, the decision of the county court confirming the decision of the county commissioner that a proposed highway is a public necessity is final.

2. SAME—EVIDENCE.

The western end of a proposed highway was 60 feet from a railroad, and 40 feet west of the railroad was the eastern end of an avenue. It was urged in opposition to the establishment of the highway that said western end terminated in a cul-de-sac. The land on both sides of the railroad was owned by a single individual. Held, that a deed from him conveying the land between the ends of the highway and the avenue was admissible in favor of its establishment, as it showed that one step toward avoiding the objectionable termination had been accomplished, though such deed could not pass a right of way over the railroad.

Appeal from Tompkins County Court.

Application by William L. Mitchell to lay out a highway in the town of Ithaca. From a judgment of the County Court confirming a decision of the commissioners in favor of establishing the highway, the town of Ithaca and others appeal. Affirmed.

This proceeding was instituted by a taxpayer of the town of Ithaca for the purpose of procuring the laying out of a public highway in said town, to commence at the easterly line of the city of Ithaca, and to extend in an easterly direction to a road known as "Judd's Falls Road," intersecting said road at the north end of a cemetery known as the "East Lawn Cemetery." The west end of said proposed road is about 60 feet from the Lehigh Valley Railroad, and about 100 feet from the easterly end of an extension of Dryden Road, in the city of Ithaca, known as "Maple Avenue," so that, if such proposed road is extended in the city of Ithaca over said 100 feet and said railroad, it will connect with Maple avenue, in said city. Maple avenue, although never having been formally accepted by the city as a street, has been used by the public as a highway since 1876. No question is raised as to the regularity of the proceedings had before the commissioners, nor as to jurisdiction. They determined that such proposed road was necessary. From the order of the County Court confirming their determination, this appeal was taken.

¶ 1. See Highways, vol. 25, Cent. Dig. § 182.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

F. E. Tibbetts, for appellant Lehigh Valley R. Co.
Tompkins, Cobb & Cobb, for appellants town of Ithaca and others.
J. L. Baker, for respondent.

CHESTER, J.  The appellants urge that public necessity does not require the opening of the proposed road, but we cannot examine that question, as, under the statute, the decision of the County Court confirming the decision of the commissioners that it is a public necessity is final.  Highway law (Laws 1890, p. 1177, c. 568, § 89, as amended by Laws 1899, p. 1533, c. 703); Matter of De Camp, 151 N. Y. 557, 45 N. E. 1039.

On the hearing before the commissioners, a deed from Franklin C. Cornell to the city of Ithaca, dedicating and granting to the city and the public in general, for a highway, a strip of land 49½ feet wide, from the western end of the proposed road to the easterly end of Maple avenue, was received in evidence over the objection of the appellants, and an exception was taken.  I think the deed was properly received, under the circumstances existing at the time it was offered.  While it is true that the commissioners were not concerned with the question of opening any street or highway in the city of Ithaca, which was the subject of this deed, yet the record shows that the appellants had been urging before the commissioners that the proposed new road ended in a cul-de-sac, and that such a road was prohibited by law.  It is not necessary to determine whether such a road is so prohibited, but here was a situation where, if the proposed road was not finally to end in a cul-de-sac, and was eventually to connect with Maple avenue, other and separate proceedings must be taken, first, under the city charter, to lay out as a street the portion in the city of Ithaca; and, second, under the railroad law, to get the right to cross the Lehigh Valley Railroad tracks.

Cornell had by a prior deed conveyed lands to the railroad company for its right of way and for its depot, reserving a private right of way to cross the tracks at grade, and he owned adjoining lands.  While he could not by the deed objected to give to the public a highway over such right of way, yet, so far as the strip of land therein described, and which he there dedicated to the public as a highway, was outside of the lines of the railroad's right of way, the deed was evidence showing that one important step had been taken in preventing what the appellants claimed was a situation fatal to the lawful opening of the proposed road.  So regarded, no injury was done in receiving it.  While under other circumstances the deed was not material, yet, by reason of the attitude of the appellants, I think it was not reversible error to receive it under the circumstances presented here, any more than it would have been if it had been shown that proceedings were pending under the city charter or under the railroad law to open up the entire way in the city as a street to connect with the proposed highway in the town.  It was proper, I think, to show the entire situation at the point in question.

I have examined all the other exceptions to the admission of evidence, and find none that will justify a reversal of the order appealed from. The order should be affirmed, with costs. All concur.