(128 App. Div. 10.)

## In re FENN.

(Supreme Court, Appellate Division, Third Department. September 17, 1908.)

1. HIGHWAYS — PROCEEDINGS TO LAY OUT — APPLICATION — UNDERTAKING— AMENDMENT.

    Under Code Civ. Proc. § 730, providing that, where an undertaking required by statute is defective, the court may on application amend it, the court in a proceeding to lay out a highway may allow an undertaking required under the highway law (Laws 1890, p. 1177, c. 568, as amended by Laws 1906, p. 114, c. 67) to be substituted for a defective one, though a proper undertaking is necessary to entitle the applicant to take the proceeding.

2. SAME—ESTABLISHMENT—NECESSITY—COMPENSATION—REVIEW.

    Under Highway Law (Laws 1890, p. 1194, c. 568) § 89, providing that the decision of the County Court on a motion to confirm or vacate a decision of the commissioners establishing a highway shall be final, except on questions affecting jurisdiction, etc., the decision of the County Court, confirming the decision of the county commissioners, that a proposed highway is a public necessity, and awarding compensation, is final.

Appeal from Washington County Court.

In the matter of the application of Alice E. Fenn, individually and by Catherine D. Fenn, her guardian ad litem, to lay out a highway. From an order of the County Court, confirming the decision of commissioners appointed in the proceeding, and denying a motion to vacate the decision, the party aggrieved appeals. Affirmed.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

J. A. Kellogg, for appellant.
Fred A. Bratt, for respondent.

PER CURIAM. The proceeding for laying out the highway seems to have been conducted in substantial compliance with the provisions of the highway law (Laws 1890, p. 1177, c. 568, as amended by Laws 1906, p. 114, c. 67), except that the undertaking which accompanied the application for the appointment of commissioners was defective, in that it provided that the liability of the sureties should not exceed the sum of $50, instead of $100, as required by chapter 67 of the Laws of 1906. Notwithstanding an undertaking in conformity with the requirements of this statute was necessary to entitle the respondent to take the proceeding, we think the County Court had power to allow an undertaking to be substituted for the defective one under section 730 of the Code of Civil Procedure, and that the defect was cured by the filing of an undertaking which met all of the requirements of this amendment of the highway law. The section is very broad and comprehensive, and applies to special proceedings, as well as to actions.

As to the necessity of the proposed highway and the compensation of the landowners, it is only necessary to say that section 89 of the highway law has made the decision of the County Court, upon an application to confirm the decision of the commissioners, final and conclusive upon those questions. Matter of Mitchell, 85 App. Div. 277,

83 N. Y. Supp. 211; Matter of De Camp, 151 N. Y. 557, 45 N. E. 1039.

We think that the order appealed from should be affirmed, with costs.