(140 App. Div. 745.)

BECK v. GIBBARD, Highway Com'r, et al.

(Supreme Court, Appellate Division, Third Department. November 16, 1910.)

1. HIGHWAYS (§ 44*)—ALTERATION—HIGHWAY COMMISSIONER—AUTHORITY.
A highway commissioner has no authority, in opening a road, to alter its description as made by the commissioners appointed to lay it out.
[Ed. Note.—For other cases, see Highways, Cent. Dig. §§ 137–140; Dec. Dig. § 44.*]

2. HIGHWAYS (§ 44*)—ALTERATION OF DESCRIPTION.
The description of the course of a road to be laid out as made by the commissioners, that the center line of the new road was to commence at a point in the termination of another road, legally implied that such point was also the center of the other road, making the new road a continuation of the old.
[Ed. Note.—For other cases, see Highways, Cent. Dig. §§ 137–140; Dec. Dig. § 44.*]

3. HIGHWAYS (§ 46*)—CONSTRUCTION THROUGH BUILDINGS.
A commissioner of highways could not lay out a road through a building until specially permitted by the court, under Consol. Laws 1909, c. 25, § 200, providing that a highway could not be constructed through a building, fixtures, or erections for the purposes of trade or manufacture without the consent of the owner, unless so ordered by the County Court.
[Ed. Note.—For other cases, see Highways, Cent. Dig. §§ 141–145; Dec. Dig. § 46.*]

Appeal from Special Term, Washington County.

Action by Cameron Beck against George H. Gibbard, Commissioner of Highways, and Alice E. Fenn. Judgment for plaintiff, and defendant Alice E. Fenn appeals. Judgment modified.

Argued before SMITH, P. J., and KELLOGG, ·COCHRANE, SEWELL, and HOUGHTON, JJ.

James F. Tracey, for appellant.
J. A. Kellogg, for respondent.

SMITH, P. J. In August, 1906, defendant Fenn applied to the County Court of Washington county for the appointment of commissioners to lay out a highway to her property and to assess the damages. Commissioners were thereupon appointed, and the majority of .them made a decision in favor of the laying out of said highway. The plaintiff herein was a party to such proceedings, and was by said decision

awarded the sum of $40 damages. He thereafter made application to the County Court to vacate and set aside such decision, which motion was denied, and the decision confirmed. He then applied to the Appellate Division, where the order of the County Court was affirmed, and the decision of the commissioners confirmed. This decision described the highway in question as being three rods in width, and its center line as "beginning at a point in the southerly end of the public highway in the town of Putnam leading from Gull Bay to the residence of George Smith, the said point being a little northerly of the gateway at the northwest corner of the said George Smith's barn," and running thence by various courses and distances to the lands of the petitioner. By order filed July 8, 1909, the said commissioner of highways opened and laid out a highway therein described; his description being the same as above quoted, but with the following addition:

"The said point of beginning being thirty feet northerly of the post which stood in the fence on the property of the said George Smith in 1906, at the time said survey was made at a point indicated and shown on said map. The easterly line of the highway so above described passing westerly of the cottages of Frank Tibbetts and Cameron Beck, and along the easterly line of the traveled path and two-rod right of way now existing there, and the westerly line of said highway passing easterly of the tennis court and of the library building, so called."

The plaintiff's complaint alleges that the proposed highway as described in the decision will intersect his cottage, which allegation is denied in the answer of defendant Fenn. Upon the trial it was shown that the Gull Bay road mentioned terminated at an iron pin set in its center line, and that if the center line of the proposed new road started at this point, so as to make the two roads continuous, such proposed new road would intersect plaintiff's cottage. The defendant contends, however, that he intends to lay out the road on the line of a survey made by one Watts, according to which the starting point of the center line of the new road is not at the iron pin mentioned, but about 24 feet westerly thereof, at the side of the Gull Bay road, although still in the southerly end thereof, and that he accordingly does not intend to locate the highway so as to interfere with plaintiff's dwelling. It is conceded that no proceeding had been taken under section 90 of the old highway law (Laws 1890, c. 568), or section 200 of the present highway law (Consol. Laws, c. 25), to lay out a highway through plaintiff's dwelling house.

We think the learned trial judge was right in holding that the highway commissioner had no authority to alter or enlarge the description of the highway as made by the commissioners appointed to lay it out. He was authorized to open up only the highway described by the commissioners, and consequently any added words of his, which would have the effect of modifying or altering the description by them laid down, must be held as of no effect. It was adjudicated in the former proceeding that the road described in the commissioners' report was necessary, and that it was definitely described in the report. If, then, the description of the commissioners as to the location of the road is examined, it would seem to be the only legal inference that, as

further held by the trial court, the point in the termination of the old road at which the center line of the new road is to commence must also mean the center line of the old road as well, so that the two roads shall be continuous, and not meet with an offset or jog of about one-half the width of the new road, as is claimed by appellant. The present difficulty undoubtedly arose from a failure to locate properly the center line of the old road at its termination. This was erroneously taken to be west of its true location, as afterwards shown in this action to be fixed by an iron bolt, and consequently the first course laid down was different from what it would have been had the starting point been properly located. There is nothing, however, either in the petition or the commissioners' report, from which a different first course can be legally inferred by us, and inasmuch as the starting point mentioned in the decision refers to a point capable of correct location the road cannot now be elsewhere located. Unless the road as ordered be altered by some new proceeding, it is accordingly the highway commissioner's duty to lay out the road as described in the report, except that by section 200 of the highway law he cannot lay it out through this building until specially permitted by the court. Upon an application for leave to lay a road through this house, the court could perhaps make some fair adjustment by consent of parties. Damages have, as stated, been awarded Mr. Beck in the sum of $40. If an application should be made to lay the road through the land occupied by the house, it is not necessary here to decide whether he could be allowed any further damages than have been awarded in the order already made. In Matter of Field, 61 App. Div. 618, 70 N. Y. Supp. 677, it is held that a road should not be laid out through a house or garden when the owner offers a full right of way elsewhere, which is but a few rods out of the direct course.

The injunction should be modified, so as to enjoin the commissioners of highways from constructing that part of the road which passes through plaintiff's house, and, as thus modified, the order should be affirmed, without costs to either party. '

Judgment modified as per opinion, and, as so modified, judgment and orders unanimously affirmed, with one bill of costs to respondents. Order affirmed, with $10 costs and disbursements. All concur, except HOUGHTON, J., not sitting.