in the English statute of wills (1 Vict. c. 26, § 22). Jarnan on Wills (5th Am. Ed.) p. 796.

[2, 3] It is settled that the words "terms of such revocation" mean a revocation in writing; also that an effective republication must be in the presence of those who subscribed to the original will, as required for the original publication. Matter of Stickney, 161 N. Y. 42, 55 N. E. 396, 76 Am. St. Rep. 246. Hence decedent's oral declaration on June 24, 1913, in the presence of Mr. Schinzel, one of the subscribing witnesses to the will of July 17, 1912, that she desired to have probated the will which Mr. Schinzel had drawn about a year before, did not have the effect to revive that will.

I therefore advise that the decree of the Surrogate's Court of Kings County be reversed, that a decree be made refusing probate of the will offered, and that the letters testamentary issued to the executors be revoked, with one bill of costs of appeal, payable out of the estate, to the appellants. All concur.

(86 Misc. Rep. 281)

### KUBAK v. MALONY et al.

(Supreme Court, Special Term, Suffolk County.   June 14, 1914.)

1. HIGHWAYS (§ 72*)—WIDENING HIGHWAYS—TAKING HIGHWAYS OR INCLOSURES—STATUTORY PROCEEDINGS.

That yards will be taken in widening a country highway does not warrant the enjoining of the entire improvement, where the yards are but two out of many pieces of property along the highway; but the improvement may be enjoined only in so far as it affects the taking of the yards without confirmation, under Highway Law (Consol. Laws, c. 25) § 200, by the County Court and by the Appellate Division.

[Ed. Note.—For other cases, see Highways, Cent. Dig. §§ 239–252; Dec. Dig. § 72.*]

2. HIGHWAYS (§ 72*)—WIDENING HIGHWAYS—TAKING HIGHWAYS OR INCLOSURES—STATUTORY PROCEEDINGS.

Where the widening of a country highway involves the taking of two strips, one varying from 7 feet in width to nothing, and the other from 8 feet to 2 feet, in front of dwellings situated respectively 28 and 70 feet from the highway, the taking is not within Highway Law (Consol. Laws, c. 25) § 200, prohibiting the laying out of highways over yards or inclosures necessary to the use and enjoyment of the owner thereof, unless ordered by the County Court, confirmed by the Appellate Division, in the absence of anything to show that the entire yards are necessary to the use and enjoyment of the dwellings.

[Ed. Note.—For other cases, see Highways, Cent. Dig. §§ 239–252; Dec. Dig. § 72.*]

Action by Walter Kubak, as a taxpayer, against Benjamin C. Malony, as Superintendent, and others, to enjoin defendants, as town officials of the Town of Southampton, from proceeding with the widening of a highway known as the Old Mill Road.  Judgment of dismissal.

Shaffer, Howell & Hinds, of New York City, for plaintiff.

Timothy M. Griffing and Robert P. Griffing, both of Riverhead, for defendants.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

KELBY, J. [1] It is claimed that the widening involves a taking of yards or inclosures, and therefore confirmation by the County Court and by the Appellate Division is required by section 200 of the Highway Law. The claim that yards or inclosures are taken is made only in respect to two out of the many pieces of property along the highway. If the contention were valid, it would not be enough to warrant the halting of the public improvement entirely, but only in so far as it affects the complaining property. Beck v. Gibbard, 140 App. Div. 745, 126 N. Y. Supp. 296.

[2] On the evidence, it does not appear that there is any reason why the improvement should be halted at all. It is not every yard or inclosure through, or upon the borders of which, officials may not lay out a highway, except upon judicial sanction of their proceedings. It is only, as the statute says, and authority holds, where the yards or inclosures affected are "necessary to the use and enjoyment" of the contiguous dwellings or buildings. Lansing v. Caswell, 4 Paige, 522, 523. The Cutler farm fronts about 500 feet on the Old Mill Road. The plaintiff is Cutler's farmer, or gardener, and occupies a cottage situated about 28 feet back of the highway. The widening requires the taking of a triangular strip about 145 feet in length and from 7 feet down to nothing in width. The other property, owned by one Bauscher, is further along the road. It has about 350 feet frontage, and there is a cottage, occupied by his gardener, situated about 70 feet back of the highway. Here there is taken a strip varying in width from about 8 feet to 2 feet. The cultivated portions of the farms, still farther back of the highway, are not touched at all.

It is testified that the space between the cottages and the highway is used in both cases as front dooryards or lawns. This is a rustic road, along which land appears to be plentiful, and where there is no uniformity of improvement or in building lines, as usual on a city street. So we have only the case of a small diminution of country dooryards or lawns, ordered, on due compensation to the owners, in the course of a public improvement. There are no facts from which it can be said that the dooryards or lawns, undiminished, are necessary to the use and enjoyment of the cottages, unless that is to be held as a matter of law, which, indeed, is not contended. There is nothing to show that the widening of the highway would lessen the use, enjoyment, or access, or to oppose the presumption that the widening of the highway would be an improvement in those respects.

Judgment for the defendants, dismissing the complaint. Findings passed upon. Submit judgment on notice at Kings County Courthouse, on or before June 19, 1914.