In the Matter of the Application of HERMAN L. MORE and Another, Respondents, to Lay Out and Alter a Highway in the Town of Andes, Delaware County, N. Y.

ROBERT J. MILLER, Superintendent of Highways of the Town of Andes, and Another, Appellants.

Third Department, November 15, 1923.

Highways — proceedings to condemn land necessary to alteration of highway — County Court appointed commissioners to determine necessity for alteration and discontinuance of old road — prior thereto board of supervisors, acting under Highway Law, §§ 320-a and 320-b, resolved to improve said road with county aid to town and State aid to county — effect of resolution is to deprive town board and town superintendent of highways of jurisdiction — court did not have power to determine abandonment of road to be public necessity.

The County Court in proceedings to condemn lands necessary for the alteration of a highway does not have the power to appoint commissioners to determine the necessity for the alteration and the discontinuance of the old road, where it appears that prior to the institution of the proceedings, the board of supervisors of the county, acting under sections 320-a and 320-b of the Highway Law, passed a resolution to improve the highway in question with county aid to the town and State aid to the county, for the effect of the resolution by the board of supervisors is to take the manner of the improvement of the road out of the town and to cast the cost upon the county and State, and after said resolution was passed the town board and the town superintendent of highways had no jurisdiction to determine upon the manner of improvement of said highway.

VAN KIRK, J., dissents, with opinion.

APPEAL by Robert J. Miller, as superintendent, etc., and another, from an order of the County Court of the county of Delaware, entered in the office of the clerk of said county on the 21st day of July, 1923, confirming the report of commissioners appointed to hear and determine the questions mentioned in section 193 of the Highway Law (as amd. by Laws of 1910, chap. 344).

*Barna Johnson,* for the appellants.

*Arthur F. Curtis,* for the respondents.

*Edward E. Conlon,* for landowners.

HASBROUCK, J.:

In the town of Andes in Delaware county stretching from the corporation line of the village of Andes towards Shavertown, there lies the Tremper's Kill road.

In pursuance of the Highway Law two taxpayers of the town in 1922 petitioned the superintendent of highways to alter the road in order to obviate certain grades and to build a new road running closer to the kill and to abandon such existing road.

The town superintendent has failed and neglected to lay out and alter said highway and has refused to secure a dedication or lease of the lands necessary for such alteration. The respondents showing these and other necessary facts petitioned the County Court for the appointment of commissioners to condemn the lands necessary for such alteration and such proceedings were had that the County Court made an order appointing commissioners in condemnation and a report has been made by them declaring, among other things, the necessity of the alteration of such highway and the discontinuance of the old road and awarding damages for the lands taken. An order was made confirming such report, from which order the town superintendent of highways and supervisor of the town of Andes have appealed to this court.

Section 320-a of the Highway Law (added by Laws of 1914, chap. 61, as amd. by Laws of 1920, chap. 871),* in force during 1921, among other things contained this provision: " The board of supervisors of a county may aid a town or towns in the construction or improvement of a highway or highways therein, and shall designate the highway or highways which the town or towns are to construct or improve by the aid of the county. Such county may prepare a map of the system of highways thus to be improved in that county."

Under such authority and section 320-b of the Highway Law (as added by Laws of 1920, chap. 840),† in force during the year 1921, the board of supervisors passed a resolution to improve with county aid to the town, and State aid to the county, the existing Tremper's Kill highway.

The substantial question raised by the appeal herein is whether the County Court was warranted in appointing commissioners to determine *inter alia* the public necessity of abandoning the old road. There are several classes of highways and roads described in the statute (Highway Law, § 3, as amd. by Laws of 1910, chap. 567; Laws of 1912, chap. 83, and Laws of 1916, chap. 578), and over

* Since amd. by Laws of 1923, chaps. 426, 430.— [REP.

† Since amd. by Laws of 1922, chap. 162.— [REP.

them all the State has regulatory power by legislation. It is part of its sovereignty to control these agencies of commerce and communication. To supply the public necessity for highways the State has delegated to municipalities the power of eminent domain that private property may be subordinated to the public use.

The road in question prior to the passage of the resolution for its improvement by the board of supervisors was a town highway. The effect of the resolution was not to change the character of the road but to take the manner of its improvement out of the town and to cast the cost upon the county and State.

The respondents argue that in the improvement of the Tremper's Kill road " the town board and the town superintendent shall constitute a board for the purpose of determining the places where and the manner in which such moneys shall be expended." (Highway Law, § 105, as amd. by Laws of 1915, chap. 322.) The moneys referred to are those arising from State aid under section 101 (as amd. by Laws of 1913, chap. 375). The moneys described in section 320-b are never to be received by the town. They are to be received and disbursed by the county. Concerning such money section 320-b provides that the board of supervisors of the county " shall determine the place where and the manner in which such money shall be expended " for the construction and improvement of highways. It is apparent that if the moneys described in sections 101 and 320-b of the Highway Law had the same character the provisions of the law would stand in violent contradiction. Our effort should be if such were the case to seek a construction which would result in harmonizing discordant parts. This we think has already been done by this court in approving what was written by the trial court in *Pilbeam* v. *Sisson* (204 App. Div. 764). The facts of that case brought up for review here the precise question which this appeal presents and the court held that when the board of supervisors had undertaken to establish a system of highways within the county and had mapped them and determined their improvement by county and State aid or improvement under the provisions of sections 320-a and 320-b, thereafter the towns in which such highways were located were without jurisdiction to determine the manner of their improvement.

The argument against the interpretation placed upon the statute in the *Pilbeam* case that roads so designated for improvement by county and State aid are under the control of the county in every respect and that they may remain unfit for public use pending improvement by the county is not regarded as sound for the statutes do not provide for any such thing. The towns are not relieved

meantime from the obligation of making ordinary repairs. Upon the county there is only conferred the power to name the place and determine the manner of the improvement. The improvement determined upon but not made has no effect upon the highway except to save its location until the improvement is actually undertaken and made. The road in other respects is in control of the town. When the improvement by the county has been completed the road again becomes, under the existing law, a town road. (*Pilbeam* v. *Sisson, supra.*)

The amendment of section 320-a in 1923 empowers the board of supervisors to place the maintenance of roads maintained under the provisions of that section under the supervision and direction of the county superintendent of highways. (See Laws of 1923, chaps. 426, 430, amdg. said § 320-a.) Such amendment, of course, has not as yet been availed of to change the character of the highway in question.

We conclude that when the board of supervisors passed the resolution for the improvement of the Tremper's Kill road it fixed that road as part of the highway system of Delaware county, and that until such improvement was made and the highway ceased to be controlled by the board of supervisors the court was without power to determine its abandonment to be a public necessity.

We think the order confirming the report of the commissioners should be reversed and the proceedings vacated, with costs and disbursements.

COCHRANE, P. J., H. T. KELLOGG and McCANN, JJ., concur; VAN KIRK, J., dissents with an opinion.

VAN KIRK, J. (dissenting):

The town highway in question has been designated for county aid under sections 320-a and 320-b of the Highway Law. Subsequent to such designation proceedings were instituted and regularly prosecuted to conclusion under the Highway Law, section 192 and following sections, as amended, in which it was determined that there was public necessity for altering the route of this highway for something less than three-quarters of a mile. The County Court has made a final order confirming the report of the commissioners and this appeal is from that order; it being claimed that, the highway having been so designated for county aid, the proceeding could not be maintained. Designating a town highway for county aid leaves it still a town highway; but the improvement of the highway is put in the hands of the board of supervisors, who may direct the county superintendent to supervise the preparation of the grade and the culvert work, and the improvement is to be made under the super-

vision of a competent person designated by the county superintendent by and with the advice and consent of the town board, and the compensation of such person shall be a town charge, or the board of supervisors may determine that such construction shall be under the direct personal supervision of the county superintendent or of some person designated by him. The direction of the work may also be under certain highway officials if the board of supervisors shall so decide. When the improvement is completed the highway shall be repaired and maintained by the town. Mr. Justice HAS-BROUCK cites *Pilbeam* v. *Sisson* (204 App. Div. 762) as a case which decides the question in this case. In my view the facts are very different. That was a taxpayer's action, brought to prevent illegal official acts and waste. There was a controversy as to which of two substantially parallel highways in the town should be improved. We held, upon the opinion of TUTHILL, J., that it was for the board of supervisors to determine which of the highways should be improved with county and State aid, and that the town board had no authority to determine this question. Here the dispute is not which highway shall be improved, or whether a certain highway shall be improved, but whether the line of the highway which is to be improved may or may not in any wise, or to any extent, be altered for the purpose of improving the grade and bettering the highway, or for any proper purpose. The highway designated for county aid is in no wise interfered with by the alteration so far as the county or the State may be interested. It certainly cannot be to the advantage of the State or the county that the highway should go up and down the sides of a hill, when an equally short route may be had on comparatively level ground; and the report of the commissioners, confirmed by the County Court, is a final determination that public necessity requires this alteration of this highway. (*Matter of De Camp*, 151 N. Y. 557.) I do not think it should be said that, because a slight change has been made in the line of the highway, the highway becomes a different highway; substantially it is the same; the termini of the highway are the same and its location is substantially the same, except for a short distance. Our statutes are in a strange condition if a crooked highway designated for county aid cannot be straightened or dangerous curves or grades eliminated by alterations, provided the public use would be benefited thereby. After a town highway has been designated for county aid no period is fixed within which the improvement must be made. Maps of highways designated for county aid have been adopted, the improvements of which will not be completed for years.

So far as I can find the statute provides but one way for altering

a highway and that is by the proceeding followed in this case. If those sections cannot be invoked for the purpose of altering a town highway, after it is designated for county aid, then a highway so designated cannot be changed, no matter how great the necessity during the years passing between the designation and the making of the improvement. No money has been expended and no part of the improvement of this highway has been undertaken. It may be that, this highway being altered, the board of supervisors might refuse to make the improvement. A reason for such refusal might be found if the alteration would largely increase the expense of the improvement. Undoubtedly, after the improvement is completed and the maintenance of the highway passes to the town, it could then take proceedings for altering the route; but this would result in the loss of the improvement in so far as the route be changed.

I think the Legislature intended that, by the designation of a highway, the board of supervisors simply undertakes the improvement of the highway and has full direction and control of that improvement; but it cannot prohibit those who have a right under the statute so to act to apply for and procure, if the court shall so order, an alteration or change in the route of a highway designated.

Final order reversed on the law and proceedings vacated, with costs to the appellants. _____