In the Matter of the Town of Addison, Appellant, against Town of Tuscarora, Respondent.

Settlement of Olivia Wright.

Argued October 5, 1943; decided December 2, 1943.

*Charles L. Crane* for appellant. The law of this case is found in subdivision 2 of section 58 of the Public Welfare Law being a proceeding between towns in a county public welfare district. The Appellate Division erred in reversing under Public Welfare Law section 58, subdivisions 1 and 3. The provision that a decision of the County Court shall be final and conclusive is constitutional and the County Court of Steuben County had jurisdiction under subdivision 2 of section 58 of the Public Welfare Law. (*Matter of De Camp,* 151 N. Y. 557; *People ex rel. Schick* v. *Marvin,* 271 N. Y. 219; *People* v. *Fowler,* 55 N. Y. 675; *Tyndall* v. *N. Y. C. & H. R. R. R. Co.,* 162 App. Div. 920, 213 N. Y. 691; *Sons of Italy Grand Lodge, Inc.,* v. *Supreme Lodge, Inc.,* 125 Misc. 572.) The settlement of the Olivia Wright family was in the Town of Tuscarora and the Town of Tuscarora having admitted a settlement therein, the burden of proof establishing a settlement in the Town of Addison was upon the Town of Tuscarora. (Public Welfare Law, § 56; *County of Broome* v. *County of Cortland,* 154 App. Div. 349; *Onondaga County* v. *City of Amsterdam,* 139 App. Div. 877.)

*Claude V. Stowell* for respondent. The Town of Addison had actual notice of the payment of relief to the Wright family, assumed responsibility and paid therefor, acquiesced in the decision of the Child Welfare Board and is now barred from denying liability therefor. (*Town of Kiantone* v. *County of Chautauqua,* 239 App. Div. 50; Op. Atty. Gen., 41 State Dept. Rep. 508; *County of Broome* v. *County of Cortland,* 154 App. Div. 349.) The Town of Addison is barred by the lapse of time from denying liability and should be held to be chargeable with liability for support of the Wright family. (Public Welfare Law, § 58; *Williams* v. *County of Niagara,* 249 App. Div. 904.) The County Court had no jurisdiction as the question of responsibility was barred by the failure of the town to file notice with the Commissioner (Public Welfare Law, § 58, subd. 3; *Matter of Merville,* 23 Misc. 398.)

CONWAY, J. There is presented to us the question of the " settlement " of one Olivia Wright. The dispute is between

the Town of Tuscarora and the Town of Addison which are both in the county of Steuben.

Public Welfare Law, section 53, in effect at the time of the determination of the Commissioner of Public Welfare under review, is entitled " Settlement " and provides: " Every person of full age who shall be a resident and an inhabitant of a town or city for one year, and the members of his family who shall not have gained a separate settlement, shall be deemed to have a settlement in such town or city, which shall continue until he shall have gained a like settlement in some other town or city of this state or shall have removed from this state and remained therefrom for one year. Settlement in a county public welfare district shall be acquired by settlement in a town or city thereof."

. Section 56 provides in part as follows: " § 56. Qualification on the acquisition of settlement. * * * No person shall gain a settlement in a town or city except by residing for one year continuously without receiving public relief or care for himself or herself or for his wife, or a minor child for whose support either is responsible; * * *."

Section 58 is entitled " Proceedings to establish settlement." The first two subdivisions deal with controversies over the location of the settlement and are entitled as follows:

" 1. Between public welfare districts " and

" 2. Between towns and cities in a county public welfare district."

Before examining section 58 further, it should be pointed out that subdivision 2 is the applicable subdivision since the controversy here involves two towns in a county public welfare district. We think the learned Appellate Division erred in holding that subdivision 1 was applicable. That subdivision controls disputes arising between public welfare districts. By Public Welfare Law, section 17, the State is divided into county and city public welfare districts certain of which are delineated and described in subdivisions 1 and 2. Subdivision 3 of that section reads as follows: " Each of the counties of the state not included in subdivisions one and two of this section is hereby constituted a county public welfare district." Steuben County is thus a county constituted and governed by subdivision 3.

In order to understand the facts and the reasons for the varying decisions below, it is necessary to go back to 1923. In that year Olivia Wright obtained an allowance as a dependent widow with one or more children under the age of sixteen years through the Child Welfare Board of Steuben County pursuant to General Municipal Law, article 7-A. That was a so-called "Widow's Pension." Although Olivia Wright prior to moving to Addison in 1920 had had a settlement in the Town of Tuscarora, the Town of Addison paid the allowance from 1923 to 1933. In 1933 the allowance was discontinued. In 1934 application was made by Olivia Wright under Public Welfare Law to the Town of Tuscarora for relief and care. The public welfare officer of Tuscarora furnished relief and care but advised the county commissioner that such relief and care for Olivia Wright was chargeable to the Town of Addison. The county commissioner notified the public welfare officer of the Town of Addison of the claim of Tuscarora and thereafter held a hearing at which he was attended by the public welfare officer of each of the two interested towns. The county commissioner on April 9, 1935, rendered a decision by which he determined " that Olivia Wright and her husband had a settlement in the Town of Tuscarora prior to moving to the Town of Addison; that they acquired a residence in the Town of Addison and that if they did not acquire a residence such residence was accepted by the Town of Addison due to their failure for a period of eleven years to protest against such charges being made against the Town of Addison by the Board of Child Welfare." All the steps leading up to that determination were taken pursuant to and in accordance with the provisions of Public Welfare Law, section 58, subdivision 2, to which reference has already been made. The decision of the county commissioner would have been final under that subdivision except for the fact that the public welfare officer of Addison appealed therefrom to the County Court of Steuben County. On such appeal subdivision 2 provides that " *a new trial* of the matters in dispute shall be had in the county court without a jury. A decision of the county court therein shall be *final* and *conclusive,* and the same costs shall be awarded as are allowed on appeals to said court." (Emphasis supplied.)

The proceedings before the County Court are therefore not merely an appeal. In reality a new trial — a trial *de novo* —

is had and was had in this matter. Witnesses were called and examined on direct by the attorney for the Town of Tuscarora and cross examined by the counsel for the Town of Addison. At the conclusion of the trial the learned County Judge rendered his decision that the settlement of Olivia Wright was in the Town of Tuscarora. Judgment was entered accordingly with costs against that town.

That decision of the County Court was final and conclusive and should not have been disturbed by the learned Appellate Division, since the County Court had jurisdiction both of the parties and subject matter. (See *Matter of De Camp,* 151 N. Y. 557, 563; *People ex rel. Schick* v. *Marvin,* 271 N. Y. 219.) The reason for the provision in section 58, subdivision 2, is clear. Where there is a dispute between towns in a county welfare district, it is a county matter. No one except the county and the towns is interested or concerned. It is different when under section 58, subdivision 1, there is a controversy between public welfare districts. The County Judge of a single county should then not have final and conclusive determining power. The Legislature has made the distinction and its meaning clear. Section 58, subdivision 1, provides for judicial review by an article 78 proceeding under the Civil Practice Act; subdivision 2 provides for an appeal to the County Court and a new trial which is to be " final and conclusive ".

Subdivision 1 of section 58 has no applicability here. Neither has subdivision 3 in this instance since the appeal provided for in subdivision 2 was duly taken within the time specified and properly raised the question which the County Judge decided after trial.

There was ample support in the evidence before the County Judge for the decision made by him.

We shall now return to the fact that the county commissioner was of the opinion that if " residence " (settlement) of Olivia Wright had not been acquired in Addison at least it had been accepted by Addison due to its failure to protest charges made against it by the Board of Child Welfare. We assume that the county commissioner meant that that was a defect affecting his jurisdiction and so that of the County Court on an appeal from his decision. (See *Matter of Merville,* 23 Misc. 398.) The word " protest " is used only in Public Welfare Law

section 58, subdivision 1, which was enacted in 1929 (L. 1929, ch. 565). We have indicated that in any event that subdivision is not applicable. No protest is mentioned or required by Public Welfare Law section 58, subdivision 2, but only a notification to which reference will be made hereafter. No protest was required nor in terms permitted under General Municipal Law, article 7-A (repealed L. 1937, ch. 15). See former section 154 which provided in part: " *   *   * ; the board of supervisors of any county may determine, as provided in section one hundred and thirty-eight of the poor law, whether or not the actual expense for the relief of widowed mothers and their children under this article shall be a charge upon the county or upon the respective towns thereof." No protest was required under Poor Law sections 42 (subd. 4), 43, 44, 45 prior to their repeal in 1929 and their inclusion generally in Public Welfare Law, but only a " notice."

Aside from that, however, the allowance so made by the Board of Child Welfare was not to Olivia Wright as a poor person (see *County of Tompkins* v. *County of Ontario,* 92 Misc. 272; Public Welfare Law § 18; former Poor Law, § 2) but to Olivia Wright as a widowed mother with children under the age of sixteen years in order that such children might be suitably cared for by her in her home. (General Municipal Law, former § 148.) No doubt the payment of the so-called " Widow's Pension " by the Town of Addison was entitled to weight as evidence of an admission against interest by the Town of Addison but it certainly was not such a conclusive admission that a determination could not be made upon the true facts as to place of settlement under a different statute involving a different status of the applicant. There was no legal action or proceeding and so the matter was not *res judicata.*

All that Public Welfare Law section 58, subdivision 2, required was notice, *in this instance by the Town of Tuscarora* (see *Matter of Merville,* 23 Misc. 398) to the county commissioner of the facts of the case. Thereafter it was required that the commissioner should notify the public welfare officer of the town in which the person is alleged to have a settlement, in this instance the Town of Addison, and that thereafter the county commissioner should cause an investigation to be made to determine the question of settlement, and, if no agreement could be

reached, that the commissioner should hold a hearing upon notice. The county commissioner held the hearing and made his decision. After that was done all that was needed to bring the matter before the County Judge was an appeal within thirty days after the receipt of a copy of the commissioner's decision. The decision of the County Judge was final and conclusive.

The order of the Appellate Division should be reversed and the determination of the County Court of Steuben County reinstated, with costs in this court and in the Appellate Division.

LEHMAN, Ch. J., LOUGHRAN, RIPPEY, LEWIS, DESMOND and THACHER, JJ., concur.

Judgment accordingly.